# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC., <br> d/b/a IOU FINANCIAL, INC., <br> <br> Plaintiff, <br> v. <br> <br> SHORE APPLIANCE CONNECTION INC. A/K/A SHORE APPLIANCE AND BEDDING CONNECTION, GARY W. LARMORE, DONNA LYNN LARMORE, DUANE G. LARMORE, <br> <br> Defendants. | Civil Action File No. <br> 1:20-cv-02367-MLB <br> <br> **Trial by a Jury of Twelve Demanded** |

## DEFENDANTS GARY W. LARMORE, DONNA LYNN LARMORE, AND SHORE APPLIANCE CONNECTION, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PROCEEDINGS AND BRIEF IN SUPPORT THEREOF

COME NOW Defendants Gary W. Larmore, Donna Lynn Larmore, and Shore Appliance Connection, Inc. ("Defendants"), and hereby file this Motion to Dismiss, or in the alternative, Stay Proceedings, showing this Honorable Court as follows:

### I. BACKGROUND AND STATEMENT OF FACTS

The lawsuit currently pending before this Court represents only a fraction of a multi-state, fraud and embezzlement scheme involving multiple lenders and Duane G. Larmore ("Duane Larmore"). The victims of this millions of dollars

1

embezzlement scheme are Shore Appliance Connection, Inc., and owners Gary W. Larmore and Donna Lynn Larmore ("Lynn Larmore"), who are husband and wife. Gary and Lynn Larmore purchased Shore Appliance Connection, Inc. in 1999, and have grown the company considerably over the years. Shore Appliance Connection, Inc. is a corporation duly formed and validly existing under the laws of the State of Maryland. It is a retail seller of household appliance, bedding, and grilling equipment.

Duane Larmore is a son of Gary and Donna Lynn Larmore and was a former employee of Shore Appliance Connection, Inc. His role was in the financial side of Shore Appliance Connection, Inc., specifically managing the accounts payable and receivable of Shore Appliance Connection, Inc., as well as managing financial software, banking, payroll, and financial reporting. Importantly, Duane Larmore was not—and is not—an owner or an officer of Shore Appliance Connection, Inc. However, using his role in the company, Duane Larmore embezzled over a million dollars from the company from 2016 to 2020.

In order to conceal his theft, Duane Larmore altered the books and financial records of Shore Appliance Connection, Inc., and would obtain short term factoring advances and loans whereby he would factor the receivables of Shore Appliance

Connection, Inc. for limited times to obtain cash infusions. These factoring companies included Power-Up Lending Group, LTD., Biz2 Credit Capital, Next Wave Capital, among others. With each of these companies, Duane Larmore would forge signatures of Shore Appliance Connection, Inc. officers to obtain advances and to authorize Shore Appliance Connection, Inc.'s bank to approve ACH debits for repayment. In late 2019 and early 2020, Duane Larmore was desperate to replace Shore Appliance Connection, Inc.'s capital to conceal his theft and embezzlement. Thus, he began utilizing companies such as BizFund and IOU Central, Inc. ("IOU") to obtain cash advances and short-term loans—still illegally claiming to be Gary and Lynn Larmore.

The Plaintiff in this suit, IOU, is a short term lender which loans amounts to businesses with substantial upfront fees such as loan origination fees of ten to eleven percent (10-11%) and a guaranty fee of approximately twenty-five percent (25%), both in addition to interest on the loaned amount of eight to ten percent (8-10%). Repayment is generally made on a daily basis, weekends excluded, by ACH debit from a business account. On December 30, 2019, just like he had done before, Duane Larmore pretended to be Gary Larmore and fraudulently submitted a loan application with IOU. On January 7, 2020, Duane fraudulently entered into a loan agreement with IOU purportedly on behalf of Shore Appliance Connection, Inc.,

3

pursuant to the terms of which IOU loaned Shore Appliance Connection, Inc. One Hundred and Fifty Thousand Dollars ($150,000.00).

At all times of the loan application and approval process, Duane Larmore represented himself to IOU as Gary Larmore. However, Duane always communicated with his own individualized phone number and email address in all dealings with IOU—both of which do not match Gary Larmore's contact information that is listed throughout Shore Appliance Connection, Inc.'s website. Moreover, no work number was ever provided by Duane or ever requested by IOU. Once IOU approved the loan on January 7, 2020, the debt was evidenced by a promissory note fraudulently signed by Duane as Gary Larmore. Moreover, IOU required that Gary and Lynn Larmore, as the owners of Shore Appliance Connection, Inc., each personally guarantee repayment of the loan amount. Duane Larmore then fraudulently signed the guarantees in the name of Gary W. Larmore and Donna Lynn Larmore, which was done without their knowledge or authorization.

In addition to the repayment of the loan, IOU charged Shore Appliance Connection, Inc. a non-refundable loan origination fee of Sixteen Thousand Five Hundred Dollars ($16,500.00) which was deducted from the loan proceeds paid to Shore Appliance Connection, Inc. In addition to that fee, IOU charged Shore

Appliance Connection, Inc. a non-refundable guaranty fee in the amount of Thirty-Six Thousand Dollars ($36,000.00) which was not deducted from the loan proceeds but was to be paid over the one-year life of the loan. Finally, IOU charged interest on the principal amount of 9.25% per annum.  Payment of the loan was evidenced by a promissory note and payments of amounts due on the loan were to be made by daily deduction from Shore Appliance Connection, Inc.'s bank account at the Hebron Savings Bank in Salisbury, Maryland.  Duane Larmore signed the name of Gary Larmore to an authorization for ACH debits from the bank without the knowledge or consent of Gary Larmore.

To date, IOU has received a total of $19, 398.70 from Shore Appliance Connection, Inc.'s accounts pursuant to this fraudulent promissory note.  In March of 2020, Duane Larmore confessed to his embezzlement.  Following the confession, Gary Larmore and his corporate counsel notified IOU that Duane Larmore was an imposter and that he had forged Gary and Lynn Larmore's signatures in order to procure the loan with IOU, thus rendering the loan invalid.  In response, IOU represented to Shore Appliance Connection, Inc., Gary, and Lynn Larmore that its claims were valid and demanded payment of the same. In order to resolve this controversy and to determine the validity of this loan, on May 22, 2020, Shore Appliance Connection, Inc., Gary, and Lynn Larmore filed a declaratory judgment

action in Maryland. (Circuit Court for Wicomico County – Case No. C-22-CV-20-000213, attached hereto as Exhibit A).

In this declaratory judgment action, Shore Appliance Connection, Inc., Gary, and Lynn Larmore request that the Maryland Court clarify Shore Appliance Connection, Inc., Gary, and Donna Lynn Larmore's rights and liabilities to IOU (among others), decide whether Defendants have any obligation to pay any sums to IOU, and whether or not the agreements and notes to IOU are voided by the fraud. Despite being put on notice that the promissory note was fraudulently signed by Duane Larmore, and despite notice of the declaratory judgment action filed in Maryland *prior* to the filing of this lawsuit, IOU still contends that it may recover against Shore Appliance Connection, Inc., Gary Larmore, and Lynn Larmore and filed this unnecessary lawsuit with this Court.

In light of the pending declaratory judgment action—filed before this lawsuit—that will conclusively determine the validity of promissory note at issue in this lawsuit, and as Georgia is an improper venue for this action, Defendants respectfully request that the action before this Court be dismissed, or at least stayed until the declaratory judgment action is litigated. Continuing both of these actions simultaneously would be a waste of judicial resources, immensely prejudice

Defendants with multiple attorney's fees and costs, and presents an insurmountable threat of inconsistent rulings.

## II.  ARGUMENT AND CITATION OF AUTHORITY

### A. The Proceedings Before this Court Must be Stayed Until a Decision is Reached by the Maryland Court.

This Court has the inherent authority to stay the proceedings before it. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")  The overarching interest in judicial economy heavily demands a stay be granted when there are two parallel proceedings in separate jurisdictions. *Nelson v. Grooms*, 307 F.2d 76 (5th Cir. 1962).  In determining which of the parallel actions to stay, the Eleventh Circuit follows the first to file doctrine, which provides that in the event of parallel litigation in different courts, the first court in which jurisdiction attaches should hear the case "in the absence of compelling circumstances." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir.1982).

The "first filed action is preferred, even if it is declaratory, unless consideration of judicial and litigant economy and the just effective disposition of

disputes requires otherwise." *Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed.Cir.1995). Here, it is undisputed that the declaratory judgment action was the first filed action, filed in Maryland. *See*, Exhibit A. In contrast to the action filed in Maryland on May 22, 2020, the action in this Court filed by IOU was not submitted until June 3, 2020. *See,* Plaintiff IOU's Complaint filed in the Northern District of Georgia. Thus, the first to file doctrine demands that the Maryland court retain jurisdiction of this dispute, and that this Court stay the proceedings before it. *Merrill Lynch,* 675 F.2d at 1174. If Plaintiff IOU objects to the jurisdiction of Maryland—the first filed forum—they will carry the burden in this Court of proving what "compelling circumstances" exist to warrant an exception to this rule. *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir.2005).

In the instant dispute, there are simply no compelling circumstances that warrant an exception to the first to file rule. This is not an instance where the declaratory judgment action and the lawsuit before this Court concern separate issues without risk of inconsistent judgments. The declaratory judgment action will result in the Maryland court issuing a binding ruling as to the rights and liabilities of Defendants and a finding as to the validity of IOU's fraudulently obtained promissory note. The validity of the promissory note is the threshold issue before this Court. If the Maryland court finds that the promissory note is unenforceable

against Defendants, IOU cannot recover for *any* of the damages requested in IOU's Complaint in this Court. Compelling Defendants to continue to defend the lawsuit before this Court—when the Maryland court could subsequently determine Defendants have no underlying obligation to IOU—would be inherently prejudicial.

Indeed, notwithstanding the controlling first to file rule, the fact pattern in the case at bar still warrants the declaratory judgment action being decided *before* the lawsuit, even if the lawsuit was filed first. The fact pattern where that is most commonly presented to this Court occurs when there is an issue with insurance coverage. If a declaratory judgment action is filed after the underlying lawsuit, to resolve questions of insurance coverage, courts regularly hold that the declaratory judgment action is the more appropriate mechanism for resolving the threshold question of whether there is even an obligation of the insurance company. *See e.g., N.H. Ins. Co. V. Shoney's Inc.*, 1985 U.S. Dist. LEXIS 16606 (S.D. Ga. Aug. 21, 1985); *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 217 (1976).

Here, the question of the validity of the promissory note is the ultimate threshold issue. If the Maryland court determines that Defendants have no obligations to IOU under the fraudulent promissory note, IOU cannot recover for *any* of the relief requested in the lawsuit before this Court. Therefore, in the interest

of judicial economy, the interests of the parties involved, and as demanded by the precedent of this Court, the instant proceedings should be stayed until a ruling is issued by the first filed forum, the Maryland court.

### B. Georgia is an Improper Venue for this Action.

As detailed above, the Maryland court is in the better position to determine the validity of the fraudulent promissory note. Beyond being the forum where the action was first filed, 15 USCS § 1692i demands that this action be brought in Maryland. In pertinent part, 15 USCS § 1692i(a)(2) sets forth as follows:

> "Any debt collector who brings any legal action on a debt against any consumer shall—in the case of an action not [concerning an interest in real property], bring such action only in the judicial district or similar legal entity—in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action."

Here, Defendants Gary Larmore, Lynn Larmore, and Shore Appliance Connection, Inc. have done absolutely nothing to avail themselves of Georgia law. The loan at issue in this case was illegally signed by Duane Larmore and no loan proceeds benefited Gary Larmore, Lynn Larmore, or Shore Appliance Connection, Inc. All the defendants named in this case are domiciled and legally reside in the State of Maryland. Moreover, the loan contract was illegally signed by Duane Larmore electronically in Maryland, and the ACH debits were made from a Maryland bank,

thus the underlying events *all* occurred in the State of Maryland. Pursuant to 15 USCS § 1692i(a)(2), this action can *only* be properly brought in the Maryland courts, and the above-styled action must be dismissed.

In sum, Georgia is an improper venue for this action, and this Court does not possess the requisite jurisdiction over Defendants Gary Larmore, Lynn Larmore, and Shore Appliance Connection, Inc. as set forth in 15 USCS § 1692i(a)(2) and 28 USCS § 1391.

### III.   CONCLUSION

For all of the foregoing reasons, Defendants Gary W. Larmore, Donna Lynn Larmore, and Shore Appliance Connection, Inc. respectfully request that this Court dismiss, or at the least, stay the above styled action until a decision is reached in the declaratory judgment action pending in Maryland. Additionally, if the Court deems it appropriate, Defendants also request that IOU be responsible for the expenses and attorney's fees that Defendants have been forced to incur by defending this improperly brought, and unnecessary lawsuit.

This 26th day of June, 2020.

[ signature on following page ]

                                        WEATHINGTON, LLC

                                        */s/ Zachary H. Fuller*
                                        Paul E. Weathington
                                        Georgia Bar No. 743120
                                        Zachary H. Fuller
                                        Georgia Bar No. 641810

                                        *Attorneys for Defendants Gary*
                                        *Larmore, Donna Lynn Larmore,*
                                        *and Shore Appliance Connection, Inc.*

191 Peachtree Street, NE Suite 3900
Atlanta, GA 30303
Phone: 404-524-1600
Facsimile: 404-524-1610
pweathington@weathington.com
zfuller@weathington.com

## **CERTIFICATION AS TO FONT**

Counsel certifies that this pleading has been prepared in Times New Roman font in 14-point type.

This 26th day of June, 2020.

                                        WEATHINGTON, LLC

                                        */s/ Zachary H. Fuller*
                                        Paul E. Weathington
                                        Georgia Bar No. 743120
                                        Zachary H. Fuller
                                        Georgia Bar No. 641810

                                        *Attorneys for Defendants Gary*
                                        *Larmore, Donna Lynn Larmore,*
                                        *and Shore Appliance Connection, Inc.*

191 Peachtree Street, NE Suite 3900
Atlanta, GA 30303
Phone: 404-524-1600
Facsimile: 404-524-1610
pweathington@weathington.com
zfuller@weathington.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing Motion upon all parties to this matter electronically via CM/ECF and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Paul G. Wersant  
3245 Peachtree Parkway  
Suite D-245  
Suwanee, Georgia 30024

This 26th day of June, 2020.

                                         WEATHINGTON, LLC

                                         */s/ Zachary H. Fuller*  
                                         Paul E. Weathington  
                                         Georgia Bar No. 743120  
                                         Zachary H. Fuller  
                                         Georgia Bar No. 641810

                                         *Attorneys for Defendants Gary*  
                                         *Larmore, Donna Lynn Larmore,*  
                                         *and Shore Appliance Connection, Inc.*

191 Peachtree Street, NE Suite 3900  
Atlanta, GA 30303  
Phone: 404-524-1600  
Facsimile: 404-524-1610  
pweathington@weathington.com  
zfuller@weathington.com