**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IOU CENTRAL, INC., | : | |
|  d/b/a IOU FINANCIAL, INC., | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | 1:20-cv-02367-MLB |
| v. | : | |
| | : | |
| SHORE APPLIANCE CONNECTION | : | |
| INC. A/K/A SHORE APPLIANCE | : | **Trial by a Jury of Twelve** |
| AND BEDDING CONNECTION, | : | **Demanded** |
| GARY W. LARMORE, DONNA LYNN | : | |
| LARMORE, DUANE G. LARMORE, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT SHORE APPLIANCE CONNECTION, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT, CROSSCLAIM AGAINST DEFENDANT DUANE G. LARMORE, AND COUNTERCLAIM AGAINST PLAINTIFF IOU CENTRAL, INC.

COMES NOW Defendant Shore Appliance Connection, Inc. d/b/a Shore Appliance & Bedding Connection ("Defendant" or "Shore Appliance Connection, Inc."), improperly named by Plaintiff as "Shore Appliance Connnection(sic) Inc. A/K/A Shore Appliance and Bedding Connection," and answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

1

## SECOND DEFENSE

Plaintiff is not entitled to recover from Defendant because Plaintiff's damages, if any, were not proximately caused by any act or omission of Defendant.

## THIRD DEFENSE

Plaintiff is not entitled to recover from Defendant because Defendant did not breach any duty owed to Plaintiff.

## FOURTH DEFENSE

Plaintiff is not entitled to recover from Defendant because Defendant did not enter into a contract with Plaintiff.

## FIFTH DEFENSE

Plaintiff is not entitled to recover from Defendant because Plaintiff's damages, if any, were caused by the acts and omissions of persons and/or entities other than Defendant.

## SIXTH DEFENSE

The damages allegedly suffered by Plaintiff were the result of actions or omissions of individuals over whom Defendant had no control; therefore, Defendant cannot be liable to Plaintiff.

## **SEVENTH DEFENSE**

The damages allegedly suffered by Plaintiff may have been the result of actions or omissions of individuals within Plaintiff's control; therefore, Defendant is not liable to Plaintiff.

## **EIGHTH DEFENSE**

To the extent as may be shown by the evidence through discovery, Defendant avers the affirmative defenses of assumption of risk, judicial estoppel, contributory negligence, comparative negligence, discharge in bankruptcy, laches, statute of limitations, waiver, and failure to mitigate damages.

## **NINTH DEFENSE**

To the extent that Plaintiff has been reimbursed by its insurance carrier for the alleged damage it suffered, Plaintiff is not the real party in interest, and Plaintiff's Complaint should be dismissed.

## **TENTH DEFENSE**

Jurisdiction in this Court is not proper or just for Defendant, as it transacts no business in Georgia and did not perform any action alleged to have occurred in Georgia, thus did not purposefully avail itself or consent to jurisdiction in this Court.

## ELEVENTH DEFENSE

Venue is not proper as Defendant is not incorporated or registered in this District, does not have a principle place of business—or any business—in this District, a substantial part of the events underlying this lawsuit did not occur in this District, the property at issue is not located in this District, and Defendant does not conduct business or otherwise consent to this venue. Moreover, 15 USCS § 1692i makes clear that Georgia is an improper venue for this action.

## TWELFTH DEFENSE

Defendant responds to the specifically numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, it is admitted that Gary W. Larmore and Donna Lynn Larmore are domiciled in and citizens of Maryland.  In further response, Gary W. Larmore is the

President and Co-Owner of Shore Appliance Connection, Inc., and Donna Lynn Larmore is the Vice President and Co-Owner of Shore Appliance Connection, Inc.

3.

The entirety of the allegations contained in Paragraph 3 are denied.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6.

The entirety of the allegations contained in Paragraph 6 are denied.

7.

The entirety of the allegations contained in Paragraph 7 are denied.

8.

The entirety of the allegations contained in Paragraph 8 are denied.

9.

The entirety of the allegations contained in Paragraph 9 are denied.

10.

The entirety of the allegations contained in Paragraph 10 are denied.

11.

The entirety of the allegations contained in Paragraph 11 are denied.

12.

The entirety of the allegations contained in Paragraph 12 are denied.

13.

The entirety of the allegations contained in Paragraph 13 are denied.

14.

The entirety of the allegations contained in Paragraph 14 are denied.

15.

The entirety of the allegations contained in Paragraph 15 are denied.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17.

The entirety of the allegations contained in Paragraph 17 are denied.

18.

The entirety of the allegations contained in Paragraph 18 are denied.

19.

The entirety of the allegations contained in Paragraph 19 are denied.

20.

The entirety of the allegations contained in Paragraph 20 are denied.

20(a)

Denied.

20(b)

Denied.

20(c)

Denied.

20(d)

Denied.

20(e)

Denied.

21.

The entirety of the allegations contained in Paragraph 21 are denied.

21(a)

Denied.

21(b)

Denied.

21(c)

Denied.

21(d)

Denied.

22.

The entirety of the allegations contained in Paragraph 22 are denied.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that, "IOU justifiably and reasonably relied" on alleged false representations or omissions of unspecified Defendants and, therefore, denies the same.   Otherwise, Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

The entirety of the allegations contained in Paragraph 24 are denied.

25.

The entirety of the allegations contained in Paragraph 25 are denied.

26.

The entirety of the allegations contained in Paragraph 26 are denied.

27.

The entirety of the allegations contained in Paragraph 27 are denied.

28.

The entirety of the allegations contained in Paragraph 28 are denied.

29.

The entirety of the allegations contained in Paragraph 29 are denied.

30.

The entirety of the allegations contained in Paragraph 30 are denied.

31.

The entirety of the allegations contained in Paragraph 31 are denied.

32.

The entirety of the allegations contained in Paragraph 32 are denied.

33.

The entirety of the allegations contained in Paragraph 33 are denied.

34.

The entirety of the allegations contained in Paragraph 34 are denied.

35.

The entirety of the allegations contained in Paragraph 35 are denied.

36.

The entirety of the allegations contained in Paragraph 36 are denied.

## COUNT I: DECLARATORY, EQUITABLE AND RELATED RELIEF AS TO ALL DEFENDANTS

37.

Defendant incorporates by reference its responses to Paragraphs 1 through 36 as if fully set forth herein.

38.

The entirety of the allegations contained in Paragraph 38 are denied.

39.

The entirety of the allegations contained in Paragraph 39 are denied.

40.

The entirety of the allegations contained in Paragraph 40 are denied.

41.

The entirety of the allegations contained in Paragraph 41 are denied.

42.

The entirety of the allegations contained in Paragraph 42 are denied.

43.

Defendant denies that IOU is entitled to the relief requested in Paragraph 43 of Plaintiff's Complaint.   In further response to the allegations contained in Paragraph 43, Defendant specifically denies that he is liable to IOU in any form.

44.

Defendant denies that IOU is entitled to the judgment and damages requested in Paragraph 44 of Plaintiff's Complaint.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

45.

Defendant incorporates by reference its responses to Paragraphs 1 through 44 as if fully set forth herein.

46.

The entirety of the allegations contained in Paragraph 46 are denied.

47.

The entirety of the allegations contained in Paragraph 47 are denied.

48.

The entirety of the allegations contained in Paragraph 48 are denied.

49.

The allegations contained in Paragraph 49 of Plaintiff's Complaint do not warrant a response from Defendant.  To the extent the allegations contained in Paragraph 49 require a response from Defendant, Defendant denies that IOU is entitled to the fees and costs requested.

50.

Defendant denies that IOU is entitled to the judgment and damages requested in Paragraph 50 of Plaintiff's Complaint.

## COUNT III: BREACH OF FIDUCIARY DUTY, CONVERSION AND RELATED RELIEF AS TO ALL DEFENDANTS

51.

Defendant incorporates by reference its responses to Paragraphs 1 through 50 as if fully set forth herein.

52.

The entirety of the allegations contained in Paragraph 52 are denied.

53.

The entirety of the allegations contained in Paragraph 53 are denied.

54.

The entirety of the allegations contained in Paragraph 54 are denied.

55.

The entirety of the allegations contained in Paragraph 55 are denied.

56.

The entirety of the allegations contained in Paragraph 56 are denied.

57.

The entirety of the allegations contained in Paragraph 57 are denied.

58.

Defendant denies that IOU is entitled to the judgment and damages requested in Paragraph 58 of Plaintiff's Complaint.

## COUNT IV: QUANTUM MERUIT/UNJUST ENRICHMENT AND RELATED RELIEF AS TO THE DEFENDANTS

59.

Defendant incorporates by reference its responses to Paragraphs 1 through 58 as if fully set forth herein.

60.

The entirety of the allegations contained in Paragraph 60 are denied.

61.

The entirety of the allegations contained in Paragraph 61 are denied.

62.

The entirety of the allegations contained in Paragraph 62 are denied.

63.

The entirety of the allegations contained in Paragraph 63 are denied.

64.

Defendant denies that IOU is entitled to the judgment and damages requested in Paragraph 64 of Plaintiff's Complaint.

## COUNT V: EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO ALL DEFENDANTS

65.

Defendant incorporates by reference its responses to Paragraphs 1 through 64 as if fully set forth herein.

66.

The entirety of the allegations contained in Paragraph 66 are denied.

67.

The entirety of the allegations contained in Paragraph 67 are denied.

68.

The entirety of the allegations contained in Paragraph 68 are denied.

69.

Defendant denies that IOU is entitled to the judgment and damages requested in Paragraph 69 of Plaintiff's Complaint.

## COUNT VI: CONSTRUCTIVE TRUST AND RELATED RELIEF AS TO ALL DEFENDANTS

70.

Defendant incorporates by reference its responses to Paragraphs 1 through 69 as if fully set forth herein.

71.

The entirety of the allegations contained in Paragraph 71 are denied.

72.

The entirety of the allegations contained in Paragraph 72 are denied.

73.

The entirety of the allegations contained in Paragraph 73 are denied.

74.

Defendant denies that IOU is entitled to the judgment and damages requested in Paragraph 74 of Plaintiff's Complaint.

## COUNT VII: ATTORNEY'S FEES AND RELATED RELIEF AS TO THE DEFENDANTS

75.

Defendant incorporates by reference its responses to Paragraphs 1 through 74 as if fully set forth herein.

76.

The entirety of the allegations contained in Paragraph 76 are denied.

77.

The entirety of the allegations contained in Paragraph 77 are denied.

78.

Defendant denies that IOU is entitled to the judgment and damages requested in Paragraph 78 of Plaintiff's Complaint.

79.

The allegations contained in Paragraph 79 are admitted as to this Defendant.

80.

The allegations contained in Paragraph 80 are admitted as to this Defendant.

## THIRTEENTH DEFENSE

All allegations of Plaintiff's Complaint not specifically admitted are hereby denied.

WHEREFORE Defendant prays that this Court:

a.  Dismiss Plaintiff's claims with prejudice;

b.  Enter judgment in favor of Defendant on all counts of Plaintiff's Complaint;

c.  Award Defendant the reasonable costs, including attorney fees, incurred in defending this action; and

d. Grant Defendant such other relief as the Court deems just and appropriate.

**CROSSCLAIM AGAINST DEFENDANT DUANE G. LARMORE**

COMES NOW Defendant Shore Appliance Connection, Inc. ("Shore Appliance Connection, Inc.") and, pursuant to Federal Rule of Civil Procedure 13(g), hereby files this crossclaim against Defendant Duane G. Larmore ("Defendant Duane Larmore"), showing this honorable Court the following:

1.

Shore Appliance Connection, Inc. is a corporation duly formed and validly existing under the laws of the State of Maryland. It is a retail seller of household appliance, bedding, and grilling equipment and is owned in equal parts by Gary W. Larmore and Donna Lynn Larmore, who are husband and wife.

2.

Duane Larmore is a son of Gary and Donna Lynn Larmore and was acting as an accountant in the financial side of Shore Appliance Connection, Inc. at the time of the facts giving rise to this action.

3.

IOU is a short term lender which loans amounts to businesses with substantial upfront fees such as loan origination fees of ten to eleven percent (10-11%) and a guaranty fee of approximately twenty-five percent (25%), both in addition to interest on the loaned amount of eight to ten percent (8-10%). Repayment is generally made on a daily basis, weekends excluded, by ACH debit from a business account.

4.

At all times relevant to this action, Duane Larmore managed the accounts payable and receivable of Shore Appliance Connection, Inc.  Duane Larmore was not, and is not an owner or an officer of Shore Appliance Connection, Inc. In his position with the company, Duane was also responsible for the management of financial software, banking, payroll, and financial reporting.  Using this position in the company, Duane Larmore embezzled over One Million Dollars ($1,000,000.00) from Shore Appliance Connection, Inc.

5.

In order to conceal his theft, Duane Larmore altered the books and financial records of Shore Appliance Connection, Inc., and would obtain short term factoring

advances and loans whereby he would factor the receivables of Shore Appliance Connection, Inc. for limited times to obtain cash infusions.

6.

In late 2019 and early 2020, Duane Larmore was desperate to replace Shore Appliance Connection, Inc.'s capital to conceal his theft and embezzlement. On December 30, 2019, just like he had done before, Duane Larmore pretended to be Gary Larmore and fraudulently submitted a loan application with IOU. On January 7, 2020, Duane fraudulently entered into a loan agreement with IOU purportedly on behalf of Shore Appliance Connection, Inc., pursuant to the terms of which IOU loaned Shore Appliance Connection, Inc. One Hundred and Fifty Thousand Dollars ($150,000.00). The debt was evidenced by a promissory note signed by Duane as Gary Larmore.

7.

Duane Larmore represented himself to IOU as Gary Larmore at all times in the procuring of this loan. However, Duane used his own individualized phone number and email address in all dealings with IOU—both of which are markedly different that Gary Larmore's contact information that is displayed throughout Shore

Appliance Connection, Inc.'s website. No work number was ever requested or provided.

8.

IOU required that Gary and Donna Lynn Larmore, as the owners of Shore Appliance Connection, Inc., each personally guarantee repayment of the loan amount. Duane Larmore fraudulently signed the guarantees in the name of Gary W. Larmore and Donna Lynn Larmore, which was done without their knowledge or authorization.

9.

In addition to the repayment of the loan, IOU charged Shore Appliance Connection, Inc. a non-refundable loan origination fee of Sixteen Thousand Five Hundred Dollars ($16,500.00) which was deducted from the loan proceeds paid to Shore Appliance Connection, Inc. In addition to that fee, IOU charged Shore Appliance Connection, Inc. a non-refundable guaranty fee in the amount of Thirty-Six Thousand Dollars ($36,000.00) which was not deducted from the loan proceeds but was to be paid over the one-year life of the loan. Finally, IOU charged interest on the principal amount of 9.25% per annum. Payment of the loan was evidenced by a promissory note and payments of amounts due on the loan were to be made by

daily deduction from Shore Appliance Connection, Inc.'s bank account at the Hebron Savings Bank in Salisbury, Maryland. Duane Larmore signed the name of Gary Larmore to an authorization from ACH debits from the bank without the knowledge or consent of Gary Larmore.

10.

To date, IOU has received a total of $19,398.70 from Shore Appliance Connection, Inc.'s accounts pursuant to this fraudulent promissory note.

11.

As described above, Duane Larmore's fraudulent misrepresentations to IOU on December 30, 2019, and January 7, 2020, were done without knowledge or authorization of Gary Larmore, Donna Lynn Larmore, or Shore Appliance Connection, Inc.

12.

As this promissory note was fraudulently entered into, and was not knowingly or willingly signed by Donna Lynn and Gary Larmore, it is invalid and unenforceable as to Gary Larmore, Donna Lynn Larmore, or Shore Appliance

Connection, Inc.  Thus, Duane Larmore's fraud acts as a complete bar to the damages requested by IOU in this action.

13.

To the extent this Court finds the promissory note valid, in making these fraudulent misrepresentations to IOU, and in forging the signatures of Gary and Donna Lynn Larmore, the agreement is only between Duane Larmore and IOU, and Duane is solely responsible for the monetary obligations and damages of IOU, if any, that are requested in this action.

14.

As a direct result of Duane Larmore's fraud and forgery, Duane is responsible for converting at least $19, 398.70 of Shore Appliance Connection, Inc.'s monetary property into that of IOU.

15.

As a result of Duane Larmore's negligence, fraud, forgery, and/or breach of agreement with IOU, Duane Larmore is solely liable to IOU for any losses incurred by IOU as complained of in IOU's Complaint.

WHEREFORE, Shore Appliance Connection, Inc. prays for judgment against Duane Larmore equal to the amount of any losses incurred by Shore Appliance Connection, Inc. and IOU as a result of Duane Larmore's fraudulent misrepresentations and forgeries, plus any other relief that this Court may deem fair and just under the circumstances.

## COUNTERCLAIM AGAINST PLAINTIFF IOU CENTRAL, INC.

COMES NOW Defendant Shore Appliance Connection, Inc. ("Shore Appliance Connection, Inc.") and, pursuant to Federal Rule of Civil Procedure 13(a)(1), hereby files this counterclaim against Plaintiff IOU Central, Inc. ("IOU"), showing this honorable Court the following:

1.

Shore Appliance Connection, Inc. is a corporation duly formed and validly existing under the laws of the State of Maryland. It is a retail seller of household appliance, bedding, and grilling equipment and is owned in equal parts by Gary W. Larmore and Donna Lynn Larmore, who are husband and wife.

2.

Duane Larmore is a son of Gary and Donna Lynn Larmore and was acting as an accountant in the financial side of Shore Appliance Connection, Inc. at the time of the facts giving rise to this action.

3.

IOU is a short term lender which loans amounts to businesses with substantial upfront fees such as loan origination fees of ten to eleven percent (10-11%) and a guaranty fee of approximately twenty-five percent (25%), both in addition to interest on the loaned amount of eight to ten percent (8-10%). Repayment is generally made on a daily basis, weekends excluded, by ACH debit from a business account.

4.

At all times relevant to this action, Duane Larmore managed the accounts payable and receivable of Shore Appliance Connection, Inc.  Duane Larmore was not, and is not an owner or an officer of Shore Appliance Connection, Inc. In his position with the company, Duane was also responsible for the management of financial software, banking, payroll, and financial reporting.  Using this position in

the company, Duane Larmore embezzled over One Million Dollars ($1,000,000.00) from Shore Appliance Connection, Inc.

5.

In order to conceal his theft, Duane Larmore altered the books and financial records of Shore Appliance Connection, Inc., and would obtain short term factoring advances and loans whereby he would factor the receivables of Shore Appliance Connection, Inc. for limited times to obtain cash infusions.

6.

In late 2019 and early 2020, Duane Larmore was desperate to replace Shore Appliance Connection, Inc.'s capital to conceal his theft and embezzlement. On December 30, 2019, just like he had done before, Duane Larmore pretended to be Gary Larmore and fraudulently submitted a loan application with IOU. On January 7, 2020, Duane fraudulently entered into a loan agreement with IOU purportedly on behalf of Shore Appliance Connection, Inc., pursuant to the terms of which IOU loaned Shore Appliance Connection, Inc. One Hundred and Fifty Thousand Dollars ($150,000.00). The debt was evidenced by a promissory note singed by Duane as Gary Larmore.

7.

Duane Larmore represented himself to IOU as Gary Larmore at all times in the procuring of this loan. However, Duane used his own individualized phone number and email address in all dealings with IOU—both of which are markedly different that Gary Larmore's contact information that is displayed throughout Shore Appliance Connection, Inc.'s website. No work number was ever requested or provided.

8.

IOU required that Gary and Donna Lynn Larmore, as the owners of Shore Appliance Connection, Inc., each personally guarantee repayment of the loan amount. Duane Larmore fraudulently signed the guarantees in the name of Gary W. Larmore and Donna Lynn Larmore, which was done without their knowledge or authorization.

9.

In addition to the repayment of the loan, IOU charged Shore Appliance Connection, Inc. a non-refundable loan origination fee of Sixteen Thousand Five Hundred Dollars ($16,500.00) which was deducted from the loan proceeds paid to

Shore Appliance Connection, Inc. In addition to that fee, IOU charged Shore Appliance Connection, Inc. a non-refundable guaranty fee in the amount of Thirty-Six Thousand Dollars ($36,000.00) which was not deducted from the loan proceeds but was to be paid over the one-year life of the loan. Finally, IOU charged interest on the principal amount of 9.25% per annum.  Payment of the loan was evidenced by a promissory note and payments of amounts due on the loan were to be made by daily deduction from Shore Appliance Connection, Inc.'s bank account at the Hebron Savings Bank in Salisbury, Maryland.  Duane Larmore signed the name of Gary Larmore to an authorization from ACH debits from the bank without the knowledge or consent of Gary Larmore.

10.

In mid-March 2020, following a confession by Duane Larmore, Gary Larmore and his corporate counsel notified IOU that Duane Larmore was an imposter and that he had forged Gary and Donna Lynn Larmore's signatures in order to procure the loan with IOU, thus the loan was invalid.

11.

In response, IOU has given notice to Shore Appliance Connection, Inc., Gary, and Lynn Larmore that its claims are valid and demanded payment of the same.

27

12.

On May 22, 2020, Shore Appliance Connection, Inc., Gary, and Donna Lynn Larmore filed a declaratory judgment action in Maryland. (Circuit Court for Wicomico County – Case No. C-22-CV-20-000213). In this declaratory judgment action, Shore Appliance Connection, Inc., Gary, and Donna Lynn Larmore request that the Maryland Court determine Shore Appliance Connection, Inc., Gary, and Donna Lynn Larmore's rights and liabilities to IOU, whether they have any obligation to pay any sums to IOU, and whether or not the agreements and notes to IOU are void.

13.

Despite being put on notice that the promissory note was fraudulently signed by Duane Larmore, and despite notice of the declaratory judgment action filed in Maryland *prior* to the filing of this lawsuit, IOU still contends that it may recover against Shore Appliance Connection, Inc., Gary, and Donna Lynn Larmore and filed this unnecessary lawsuit with this Court.

14.

To date, IOU has received a total of $19, 398.70 from Shore Appliance Connection, Inc.'s accounts pursuant to this fraudulent promissory note.

15.

This money was fraudulently obtained by IOU from Shore Appliance Connection, Inc.'s accounts.

16.

On December 30, 2019, and January 7, 2020, IOU intentionally, willfully, and/or recklessly relied on the insufficient information given by Duane Larmore on behalf of Gary Larmore and Shore Appliance Connection, Inc. in order to obtain an excessive and non-refundable loan origination fee, an excessive and non-refundable guaranty fee, and excessively high interest payments from Shore Appliance Connection, Inc., without the knowledge of its owners.

17.

This loan was approved and ratified despite IOU's failure to obtain effective identity verifications of the signatories and IOU's failure to confirm that Gary and Lynn Larmore were personally approving and authorizing said loan, especially in

the face of Duane Larmore communicating to IOU with his own personal cell phone number that did not match Gary Larmore's, an email address that did not match Gary Larmore's, and no produced business phone number.

18.

IOU's intentional, willful, and/or reckless failure to verify the identity of the parties involved and IOU's failure to verify that the signatures on the promissory note were authentic renders the promissory note invalid and unenforceable as to Shore Appliance Connection, Inc., Gary, and Donna Lynn Larmore.

19.

IOU's fraudulent and predatory lending practices render the damages requested in this lawsuit from Shore Appliance Connection, Inc., Gary, and Donna Lynn Larmore null and void.  In actuality, IOU's fraudulent and predatory lending practices resulted in monetary damages to Shore Appliance Connection, Inc., Gary, and Donna Lynn Larmore in the amount of at least $19, 398.70, which Shore Appliance Connection, Inc., Gary, and Donna Lynn Larmore are entitled to recover from IOU.

20.

In the alternative, IOU's actions in approving and executing the loan at issue, and as further described above, constitutes negligence that cannot be imputed onto Shore Appliance Connection, Inc., Gary, and Lynn Larmore.

21.

Therefore, as a result of IOU's fraudulent and/or negligent lending practices, IOU willfully, knowingly, and improperly converted at least $19, 398.70 of Shore Appliance Connection, Inc.'s monetary property, and Shore Appliance Connection, Inc. is entitled to repayment of this amount by IOU.

22.

Shore Appliance Connection, Inc., Gary, and Lynn Larmore received no benefit from this fraudulent transaction, and as a result, IOU was unjustly enriched at the detriment of Shore Appliance Connection, Inc., Gary, and Lynn Larmore.

23.

In addition to the costs incurred by Shore Appliance Connection, Inc., Gary, and Lynn Larmore detailed above, Shore Appliance Connection, Inc., Gary, and

Lynn Larmore have also had to, and will continue to, incur considerable attorney's fees and expenses for having to defend this lawsuit.

24.

IOU was put on notice that the promissory note was fraudulently obtained, and was put on notice that the Maryland Courts are currently determining the validity of this loan, therefore, pursuant to Rule 11 of the Federal Rules of Civil Procedure, Shore Appliance Connection, Inc., Gary, and Lynn Larmore should be entitled to attorney's fees and expenses incurred for having to defend this frivolous, vexatious, and duplicative action.

WHEREFORE, Shore Appliance Connection, Inc. prays for judgment against IOU equal to the amount of any losses incurred by Gary Larmore, Donna Lynn Larmore, and Shore Appliance Connection, Inc. as a result of IOU's negligent and/or fraudulent lending practices and improper conversion of Shore Appliance Connection, Inc. funds. Moreover, Shore Appliance Connection, Inc. prays that this Court order and find that IOU is not entitled to the damages requested in their Complaint, as IOU's negligence and fraud is a complete bar to recovery. Finally, Shore Appliance Connection, Inc. prays for any other relief that this Court may deem fair and just under the circumstances.

This 26th day of June, 2020.

WEATHINGTON, LLC

*/s/ Zachary H. Fuller*
Paul E. Weathington
Georgia Bar No. 743120
Zachary H. Fuller
Georgia Bar No. 641810

*Attorneys for Defendants Gary*
*Larmore, Donna Lynn Larmore,*
*and Shore Appliance Connection, Inc.*

191 Peachtree Street, NE Suite 3900
Atlanta, GA 30303
Phone: 404-524-1600
Facsimile: 404-524-1610
pweathington@weathington.com
zfuller@weathington.com

## <u>CERTIFICATION AS TO FONT</u>

Counsel certifies that this pleading has been prepared in Times New Roman

font in 14-point type.

This 26th day of June, 2020.

WEATHINGTON, LLC

*/s/ Zachary H. Fuller*
Paul E. Weathington
Georgia Bar No. 743120
Zachary H. Fuller
Georgia Bar No. 641810

*Attorneys for Defendants Gary*
*Larmore, Donna Lynn Larmore,*
*and Shore Appliance Connection, Inc.*

191 Peachtree Street, NE Suite 3900
Atlanta, GA 30303
Phone: 404-524-1600
Facsimile: 404-524-1610
pweathington@weathington.com
zfuller@weathington.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter electronically via CM/ECF and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Paul G. Wersant
3245 Peachtree Parkway
Suite D-245
Suwanee, Georgia 30024

This 26th day of June, 2020.

WEATHINGTON, LLC

*/s/ Zachary H. Fuller*
Paul E. Weathington
Georgia Bar No. 743120
Zachary H. Fuller
Georgia Bar No. 641810

*Attorneys for Defendants Gary*
*Larmore, Donna Lynn Larmore,*
*and Shore Appliance Connection, Inc.*

191 Peachtree Street, NE Suite 3900
Atlanta, GA 30303
Phone: 404-524-1600
Facsimile: 404-524-1610
pweathington@weathington.com
zfuller@weathington.com