IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC., : <br> d/b/a IOU FINANCIAL, INC : <br> : <br> Plaintiff, : <br> vs. : <br> : <br> SHORE APPLIANCE ET AL : <br> : <br> Defendants. : | Case No. 1:20-cv-02367-MLP |

## PLAINTIFF IOU'S MOTION TO STRIKE DEFENSES IN ANSWERS AND TO STRIKE OR DISMISS COUNTERCLAIMS [DOC 9-11]

Per Fed. R. Civ. P. 12 and other applicable law, IOU moves to strike the Defenses in the Answers and to Dismiss and/or Strike the Counterclaims of Defendants Gary and Donna Larmore and Shore Appliance [Defendants] [Doc 9-11]. IOU incorporates its Complaint [Doc 1] and prior Motion. [Doc 22]

## STATEMENT OF FACTS

1. The following facts are alleged in the Counterclaim [CC] and Complaint [CT] and taken as true for the purposes of the Motion.

2. The parties are diverse for which subject matter and personal jurisdiction and venue are undisputed by Defendants. [CT ¶ 1-7]

3. Defendants sought and applied for a commercial loan [Loan] with IOU, in part, to satisfy their prior debt. They executed a Note for $166,500

1

evidencing the Loan, with a Security Agreement, securing Shore's property, assets and proceeds as collateral for the Loan, to encompass all recipients of the Funds. Gary and Donna Larmore executed Guaranties of the Note and Security Agreement [Instruments], also intended to encompass all recipients of the Funds and their property such as the Defendants. [CT ¶ 8-12]

4. The Note and Guaranties include *mandatory* Georgia choice of law and forum clauses, plus the Security Agreement, per precise copies attached as **Exhibit 1, Exhibit 2** and **Exhibit 3**. [See Note, ¶ 21, 23, 24, Guaranty ¶ 11]

5. Defendants agreed to an Electronic Debit Agreement, to debit loan payments from their account to IOU, approving disbursement of the Funds which they received with lenders of their debt satisfied by IOU. [CT ¶ 13-15]

6. IOU relied on its security interest, repayment of the Funds and their equitable subrogation in advancing them to Defendants. [CT ¶ 16, ¶ 23]

7. Defendants breached the Instruments, were agents of each other on the Loan, did not intend to repay the Funds, which they conspired to obtain from IOU. They are jointly liable for the Loan. [CT ¶ 18-22]

8. IOU's Security Agreement attached to property, assets and proceeds of Defendants, such as secured by loans satisfied by IOU per equitable subrogation, which holds the Instruments/debt exceeding $76,000. [CT ¶ 21-29]

9. Defendants breached the Instruments or did not satisfy IOU's claims as to the Funds, which they obtained, retained and should repay. [CC ¶ 30-36]

10. On 6/3/20, IOU filed suit [Doc 1: CT], naming Defendants for which summons issued. [Doc 2], <u>served with process on 6/8/20.</u> [Doc 16-19]

11. IOU seeks (a) equitable and declaratory relief of its security interest in property of all parties, including equitable subrogation and reformation [CT ¶ 37-44], (b) Breach of Instruments [¶ 45-50] (c) Breach of Fiduciary Duty [¶ 51-58] (d) Quantum Meruit/Unjust Enrichment [¶ 59-64] (d) Equitable Lien/Mortgage [AC ¶ 65-69] (e) Constructive Trust [¶ 70-74] (g) Attorney's Fees [AC ¶ 75-78]

12. Defendants Gary Larmore, Donna Lamore and Shore filed Answers, Crossclaims and Counterclaim, seeking to essentially rescind the Instruments and recoup the monies paid to IOU under the Instruments, with a related Crossclaim against Duane Lamore. [Doc 9-11, p. 17-32] Oddly, Movants moved [Doc 8] to dismiss/stay this matter, based upon a Maryland State Court matter, <u>*not*</u> served upon IOU, seeking the <u>*same*</u> relief as their Counterclaim/Cross claim, <u>*contrary*</u> to the forum clauses in the Note and Guarantees. [Doc 8-1, p. 1-11]

13. The Answers and Counterclaims raise unsupported, even frivolous defenses and claims, which should be stricken and/or dismissed as shown below.

# **MEMORANDUM**

The Court is requested to take notice of these matters per Fed. R. Evid. 201, which can also consider the referenced documents. **_Brooks v. Blue Cross_**, 116 F.3d. 1369 (11th Cir. 1997) "Beyond the complaint, only judicially noticed facts can be considered." **_Hawthorne v. Mac_**, 140 F.3d 1367, 1370 (11th Cir. 1998).

**I.     Standards for Motions to Strike.**

Fed. R. Civ. P. 12(f) states that, upon a motion by a party, a court may strike from a pleading an insufficient defense "the inherent power of the Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process." **_McNair v. Monsanto_**, 279 F. Supp.2d 1298 (M.D. Ga. 2003); See 2A MOORE'S FEDERAL PRACTICE § 12:21. "A defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." **_Waste v. Gilmore_**, 252 F.3d 316, 347 (4th Cir. 2001) (citing Wright & Miller, Fed Prac. § 1380 (2d ed. 1990)). The standard applicable to motions to strike an affirmative defense is "whether as a matter of law the defense asserted [is]. insufficient." **_Fabrica Italiana v. Kaiser Aluminum_**., 684 F.2d 776, 779 (11th Cir. 1982) [courts will strike an affirmative defense foreclosed by settled law]

Courts "must not tolerate shotgun pleading of affirmative defenses and

4

should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." ***Tsavaris v. Pfizer, Inc***., 310 F.R.D. 678, 682 (S.D. Fla. 2015) "The same duty to intervene *sua sponte* applies whether the court is faced with a shotgun complaint *or a shotgun answer*." ***Byrne v. Nezhat***, 261 F.3d 1075, 1133, fn. 114, (11th Cir. 2001)

"Shotgun pleadings, filed by plaintiffs *or defendants*, exact an intolerable toll on the trial court's docket, lead to unnecessary and un-channelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well." ***Jackson v. Bank of Am***., 898 F.3d 1348, 1356–57 (11th Cir. 2018). "An affirmative defense is not valid if it appears to a certainty plaintiff would succeed despite any set of facts which could be proved in support of the defense. 2A Moore's Federal Practice P 8.27(3), at 8251 (2d Ed. 1979). ***Eeoc v. First Nat'l Bank***, 614 F.2d 1004, 1008, (5th Cir. 1980)

The Answers are replete with insufficient and frivolous shotgun defenses which should be stricken as detailed below, contrary to Georgia law as provided by the Instruments ***Branch Banking v. Lichty Bros.***, 488 Fed. Appx. 430, 433, (11th Cir. 2012) [Georgia enforces contractual choice of law provisions unless contrary

to public policy. *Id*] **Horowitch v. Diamond**, 645 F.3d 1257 (11th Cir. 2001) *citing* **Erie v. Tompkins**, 304 U.S. 64 (1938) Georgia law applies to the Instruments. **Keener v. Convergys**, 342 F.3d 1267 (11th Cir. 2003). Georgia law applies to IOU's state claim(s), where IOU was harmed. **Velten v. Lippert**, 985 F.2d 1519-21 (11th Cir. 1993) [other law applied to contract claim and Georgia law applied to claim of fraudulent loan] **Perkins v. Champagne**, 495 B.R. 106 (N.D Ga. Bankr, 2013) [*lex loci delicti* applies law of place where tort /wrong occurred]

## II. The Baseless Shotgun Defenses Should Be Stricken.

First Defense: Defendants raised a boilerplate defense of "*failure to state a claim upon which relief may be granted.*" [Doc 9-11, First Defense] This defense only raises an alleged defect in IOU's case, is not an affirmative defense, merely a denial, not raised in a Motion per Fed. R. Civ. P. 12, which should be stricken. **Cox v. Stone Ridge.** LEXIS 197868 *6 (N.D. Ga. 2012) [struck similar defense]

Third and Fourth Defenses: Defendants contend they *did not breach any duty owed to IOU* and *did not enter into any contract with IOU*. [Doc 9-11, Third-Fourth Defenses] These forgery defenses are precluded by the Instruments attached to this Motion: which Defendants ratified by retaining and repaying the money that IOU loaned them [See Doc 9-11: Counterclaims ¶6, ¶ 9-10, ¶14, ¶17 which admit Defendants received $150,000 from IOU and made payments of $19,398.70 from

6

their account to IOU from Jan-March 2020 under the Instruments, which were approved and ratified.] *Madura v. BAC*, 655 Fed. Appx. 717, 720-21 (11th Cir 2016) [debtors ratified alleged forged loan by continuing to perform it and retain the loan proceeds] These defenses should be stricken.

Fifth, Sixth and Seventh Defenses: Defendants raise boilerplate defenses that *unnamed "third parties" are responsible for IOU's damages*. [Doc 9-11, Fifth, Sixth and Seventh Defenses] These are not affirmative defenses but improper attempted third-party claims against unnamed parties, without impleading them, which should be stricken as done before. *FDIC v. Jampol*, LEXIS 12-13 (N.D. Ga. 2011) [struck similar improper defenses]

Eighth Defense: Defendants raised boilerplate defenses "*to the extent as may be shown by the evidence through discovery*" of IOU's *assumption of the risk, contributory/comparative negligence, judicial estoppel, bankruptcy, laches, statute of limitations, waiver and failure to mitigate damages*. [Doc 9-11, Eighth Defense] **Defendants admit lacking a basis for these defenses at the time they filed this answer, contrary to Fed. R. Civ P. 11.** This cluster of 'defenses' is an improper shotgun statement which violates Fed. R. Civ. P. 8 (c) and should be stricken. *Williams v. Arp*, 165 F. Supp. 1357, 1364-65 (N.D. Ga. 2016) [struck improper

7

similar cluster of irrelevant defenses based upon anticipated discovery] Furthermore, these defenses should be stricken <u>*with prejudice*</u> as detailed below.

*Assumption of risk, contributory and comparative negligence* regurgitate the <u>same</u> alleged issue of proximate cause, also raised in the Second Defense [Doc 9-11, Second Defense] an alleged defect in IOU's case, *not* a defense. The Second and Eighth Defenses should be struck on these 4 "causation defenses." **<u>*Resolution v. Youngblood*</u>**, 807 F. Supp. 765 (N.D. Ga. 1992) [claims relating to proximate cause <u>are not affirmative defenses as proximate cause is element of plaintiff's prima facie case in issue.</u> [struck invalid defenses of estoppel, negligence, contributory/comparative negligence, assumption of risk, acts/ omissions]

*Judicial estoppel* requires a party to take inconsistent positions under oath in separate proceedings, to make a mockery of the judicial system. **<u>*Slater v. United States*</u>**, F.3d. 1174, 1181 (11th Cir. 2017) IOU took no such position in any *judicial* proceeding, particularly as to Defendants, who identify *no* such proceeding. *Discharge in bankruptcy* is an invalid defense as Defendants have not obtained any bankruptcy protection or discharge under 11 U.S.C. §101 *et seq.* These invalid judicial estoppel and bankruptcy defenses should be stricken.

*Laches* is another invalid defense, requiring *Defendants* to plead and show IOU *delayed inexcusably* in bringing suit which *unduly prejudiced* them. Laches

does not apply to IOU's claims, brought *only 6 months after it closed the Loan*. **_Howard v. Roadway_**, 726 F.2d 1529, 1532, 1533 (11th Cir. 1984) [affirmed judgment on invalid defense of laches where plaintiff filed employment case *within a year* after an EEOC investigation of *4 years.* **_Watz v. Zapata_**, 500 F.2d 628, 632 (5th Cir 1974) [affirmed judgment on invalid defense of laches per *alleged 7-year delay* in admiralty case] This defense should be stricken.

*Statute of limitations* is an invalid defense, *as the shortest statute of limitations in Georgia is 1 year for defamation* per O.C.G.A. §9-3-33. IOU has 4-6 years or more to enforce its Instruments and bring its other claims per O.C.G.A. §9-3-25, §9-3-24, §9-3-25, §9-3-26, §9-3-27. *IOU's Loan only closed January 6, 2020, as Defendants admit*. [Doc 9-11, Answers ¶ 6] This invalid defense should be stricken. **_Ftc v. Nat'l Urological Group_**, LEXIS 57382 *25 (N.D. Ga. 2005) [struck invalid defense of statute of limitations]

*Waiver* is an invalid defense, as there is no allegation by Defendants that IOU agreed to tolerate non-payment, intended to forgo enforcement of the Instruments or intended to modify them. **_BB & T v. Lichty Bros._**, 488 Fed. Appx. 430, 434-435, (11th Cir. 2012) [affirmed judgment on invalid defense of waiver as to note and guaranty under Georgia law.]

9

*Failure to mitigate* is an invalid defense, precluded by the Instruments. **Williams v. Gate**, LEXIS 162601 *6-7 (N.D. Ga. 2011) [struck mitigation defense] "Where notes and guarantees contain absolute promises to pay, there is no duty to mitigate damages." **Branch Banking v. Lichty Bros.**, 488 Fed. Appx. 430, 434, (11th Cir. 2012) [affirmed striking affirmative defense of failure to mitigate damages under note and guaranty under Georgia law.]

Ninth Defense: Defendants raise the defense IOU lacks standing, *reimbursed for its insurance carrier for its alleged damages and not the real party in interest*. [Doc 9-11, Ninth Defense] This defense lacks any factual basis, which only forms the basis for a motion per Fed. R. Civ. P. 12 (b), waived here, like the First Defense. **Stalley ex rel. U.S. v. Orlando**, 524 F.3d 1229, 1232 (11th Cir. 2008). ["[B]ecause standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."] This defense should be stricken.

Tenth Defense: Defendants raises the defense there is no *'jurisdiction'* in the Court, apparently personal jurisdiction. [Doc 9-11, Tenth Defense] Defendants waived this defense by filing a counterclaim. **Diamond Crystal v. Food Movers**, 593 F.3d 1249, 1256 N 5 (11th Cir. 2010) [defendant did not waive personal jurisdiction defense by filing answer, which preserved defense and *then* filed

counterclaim *after* denial of motion to dismiss on personal jurisdiction.] This defense is also precluded by the *valid forum clauses in the Instruments*, which *preclude* the State Court Case, requiring the striking of that averment. [Doc 9-11, ¶ 12-13] <u>**In re Ricoh Corp**</u>**.,** 870 F.2d 570, 573 (11th Cir. 1989) [court need not defer to first filed forum in face of a clearly applicable forum selection clause: <u>"[S]uch deference to the filing forum would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system</u>." <u>**Atlantic Marine v. D. Court for W. Dist. Tex**</u>., 571 U.S. 49, 60, 63-64 (2013). [enforced forum clause] Defendants fail to show why the clauses should not be enforced, particularly as they filed Counterclaims. The defense should be stricken.

Eleventh Defense: Defendants raise the defense of *improper venue* [Doc 9-11, Eleventh Defense] waived by filing their Counterclaim, *who are subject to the valid forum clauses in the Instruments, detailed in IOU's Cross-Motion*. <u>**Diamond Crystal v. Food Movers,**</u> 593 F.3d 1249, 1256 N 5 (11th Cir. 2010) [defendant did not waive personal jurisdiction defense by filing answer, which preserved personal jurisdiction defense and *then* filed counterclaim *after* denial of motion to dismiss on personal jurisdiction.] Their 15 U.S.C. §1692 [FDCPA]venue defense is also inapplicable to this *commercial* loan. [Doc 8, p. 10] ["FDCPA limits its reach to obligations to pay arising from consensual transactions, where parties negotiate or

contract for consumer-related goods or services"] **_Hawthorne v. Mac Adjustment_**, 140 F.3d 1367, 1371 (11th Cir 1998) The defense should be stricken.

Thirteenth Defense: Defendants seek *attorney's fees* incurred in defending this action but provide *no* basis for this relief. [Doc 9-11, Thirteenth Defense, p. 16] This claim is contrary to the American Rule "under which attorneys' fees are awarded only when permitted by statute or contract." **_Cook v. Deltona_**, 753 F.2d 1552, 1563 (11th Cir. 1985) Georgia follows this Rule: "As a general rule, an award of attorney fees and expenses of litigation are not available to the prevailing party unless authorized by statute or contract." **_Cary v. Guiragossian_**, 508 S.E.2d 403, 406 (1998 Ga. App.) This defense should be stricken.

## III. The Baseless Shotgun Counterclaims Should Be Stricken or Dismissed.

The standards for a motion to strike are set forth above.

### A. Standard for Dismissal.

A counterclaim may be dismissed if the facts as pled do not state a facially claim for relief. **_Ashcroft v. Iqbal_**, 556 U.S. 662 (2009) ["a complaint must state a plausible claim for relief to survive a motion to dismiss"] **_Bell v. Twombly_**, 550 U.S. 570 (2007) In **_Iqbal_**, the Court indicated Fed. R. Civ. P. 8 does not require detailed factual allegations but requires "more than an unadorned, defendant-unlawfully-harmed-me accusation." **_Iqbal_**, 129 S. Ct. at 1949.

A counterclaim must state a plausible claim for relief, and "[a] claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. A complaint is sufficient only if it gives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, at 555. The Counterclaims do not meet these standards, requiring their dismissal.

### B. The Counterclaims Should Be Stricken and/or Dismissed.

Defendants raise vague, poorly pled Counterclaims [CC] against IOU, [Doc 9-11, p. 23-33] The 'Counterclaims' are baseless clustered shotgun claims for 'predatory lending' [CC ¶ 19] 'fraud,' [CC ¶13-¶15, ¶19, ¶21, ¶24] "excessively fees/high interest' [CC ¶16] 'invalid note' [CC ¶18] 'negligence,' [CC ¶20-¶22] 'unjust enrichment' [CC ¶22] 'conversion' [¶24] 'attorney's fees' [CC ¶23-¶24] They lack separate claims per Fed. R. Civ. P. 8 and 10 and fail to plead fraud per Fed. R. Civ. P. 9 (b). These shotgun pleadings should be dismissed. *Weiland v. Palm Beach*, 792 F.3d. 1322-23 (11th Cir. 2015) identified shotgun pleadings as:

"**A complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint**. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts **but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.** Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. **The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests**."

The Counterclaims violate these standards. The 'predatory lending' claim [CC ¶ 19] must be dismissed with prejudice as "[T]here is no common law claim for 'predatory lending." ***Asar Khufu v. Platinum***., LEXIS 161773 *48 (N.D. Ga. 2011) Defendants pled a Rule 11 notice [CC ¶24] only made by a motion per Fed. R. Civ. P. 7 and 11. This 'notice' should be stricken. ***Tomason v. Stanley***, 297 F.R.D. 541, 549 (S.D. Ga. 2014) [struck invalid Rule 11 notice in answer] There is no separate claim on the above substantive claims for fraud, conversion, negligence and unjust enrichment, again in violation of Fed. R. Civ. P. 8, 9 and 10

Defendants cite no basis for 'attorney's fees' [CC ¶23-24] requiring that claim to be stricken with prejudice per the American Rule "under which attorneys' fees are awarded only when permitted by statute or contract." ***Cook v. Deltona***, 753 F.2d 1552, 1563 (11th Cir. 1985) Georgia follows this Rule: "As a general rule, an award of attorney fees and expenses of litigation are not available to the prevailing party unless authorized by statute or contract." ***Cary v. Guiragossian***, 508 S.E.2d 403, 406 (1998 Ga. App. 1998) This claim should be dismissed.

## CONCLUSION

The above Defenses and Counterclaims violate nearly all standards for pleading and are frivolous. (a) IOU respectfully requests that the Court strike the above Defenses and above Counterclaims and (b) grant other just and proper relief.

## CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

# CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF on the below date sending notice to counsel of record.

Respectfully submitted this 15th day of July 2020.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Georgia Bar No. 748341
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@gmail.com
> Attorney for Plaintiff
> File No. 148756