IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC., : <br> d/b/a IOU FINANCIAL, INC : <br> : <br> Plaintiff, : <br> vs. : <br> : <br> SHORE APPLIANCE ET AL : <br> : <br> Defendants. : | Case No. 1:20-cv-02367-MLP |

**PLAINTIFF'S MOTION TO RECONSIDER, ALTER OR AMEND ORDER ON HEARING DATED 2/4/21 AS TO MOTION [DOC 35]**

Per Fed. R. Civ. P. 59-60, IOU moves to reconsider, alter or amend the 2/4/21 Order on the Motion [Doc 35] resulting in an in-person hearing on 2/17/21.

**STATEMENT OF FACTS**

1. Since 3/12/20, the world has been subject to the COVID-19 pandemic, during which the Court issued orders, suspending civil and criminal jury trials, due to the risk of death or injury [Doc 6, 15, 21, 27, 28, 34].

2. The Court and other courts, such as the Supreme Court and Eleventh Circuit, have conducted proceedings by video or telephone, per the pandemic:

**http://www.gand.uscourts.gov/public-access-electronic-court-proceedings**.

**https://www.supremecourt.gov/announcements/COVID-19.aspx**

1

3. This case seeks enforcement of IOU's commercial Loan as to Defendants, of which Gary and Donna Lamore and Shore allege the Loan was procured without their consent by Duane Larmore, It is suitable to remote hearings.

4. The parties filed a complaint, counterclaims, crossclaims [Doc 1, 9-11] and motions [Doc 8, 22, 24, 32] pending in the case since 7/29/20 and 12/30/20.

5. This case also involves an alleged related Maryland case and its alleged final order as to IOU [Doc 26], which IOU moved to vacate [Doc 32], resulting in a remote-ZOOM hearing on 3/17/21, recently scheduled on IOU's motion to vacate in that case [Doc 32] per the below Maryland docket:

Court System: **Circuit Court For Wicomico County – Civil**
Location: **Wicomico Circuit Court**
Case Number: **C-22-CV-20-000213**
Title: **Shore Appliance Connection, Inc., et al. vs.BizFund, LLC, et al.**
Case Type: **Declaratory Judgment**
Filing Date: **05/22/2020**
Case Status: **Open**

*Court Scheduling Information*

| Event Type | Event Date | Event Time | Court Location | Court Room | Result |
|---|---|---|---|---|---|
| **Hearing – Motion [Zoom]** | 03/17/2021 | 09:00:00 | **CC22 Wicomico Calendar** | **Courtroom 3** | |

6. On 2/2/21, Defendants filed a motion for 'hearing' without a memorandum per L.R. 7.1, not explaining why a hearing was required [Doc 34].

7. On 2/3/21, Court's law clerk, Benjamin Thurman, indicated by email that the hearing would be granted and asked if the parties were available on 2/11/21 for which IOU's counsel cited a conflict.

8. On 2/4/21, the hearing was set for 2/17/21 starting at 10:00am without further notice. In response to emails by IOU's counsel, Mr. Thurman indicated (a) the hearing had no time limit (b) would be in person, despite COVID 19 issues:

> From: Benjamin Thurman; February 4, 2021 at 9:31:14 AM EST
> To: Paul Wersant Zach Fuller
> Cc: "Paul E. Weathington, Brittney Pierce
> Subject: RE: 1:20-cv-02367-MLB IOU Central, Inc. v. Shore Appliance Connection Inc. et al
>
> Per my email below and the docket entry, this will be in person.
>
> From: Benjamin Thurman; Date: February 4, 2021 at 9:26 AM EST
> To: Paul Wersant Zach Fuller
> Cc: "Paul E. Weathington, Brittney Pierce
> Subject: RE: 1:20-cv-02367-MLB IOU Central, Inc. v. Shore Appliance Connection Inc. et al
>
> Good morning,
>
> The Court is not going to put time limits on the parties. The parties should take the time they need to address the issues.
>
> Sincerely, Benjamin G. Thurman
> Courtroom Deputy Clerk, Judge Michael L. Brown

From: Paul Wersant
Sent: Thursday, February 4, 2021 9:30 AM
To: Zach Fuller
Cc: Benjamin Thurman  Paul E. Weathington; Brittney Pierce
Subject: Re: 1:20-cv-02367-MLB IOU Central, Inc. v. Shore Appliance Connection Inc. et al

And will this hearing be conducted telephonically per COVID?

Paul Wersant

From: Paul Wersant
Sent: Thursday, February 4, 2021 9:22 AM
To: Zach Fuller
Cc: Benjamin Thurman  Paul E. Weathington; Brittney Pierce
Subject: Re: 1:20-cv-02367-MLB IOU Central, Inc. v. Shore Appliance Connection Inc. et al

Mr. Thurman, What is the time duration of this hearing?

Sincerely, Paul Wersant, Attorney for Plaintiff

9. Requiring the parties or counsel to appear in person at an all-day hearing is a grave risk of exposure to COVID-19, which has killed over 400,000 Americans, caused over 790,790 Georgia cases, with 13,997 deaths, including 3 new deaths as of 2/14/21, of which Fulton County has 71,970 cases, per the Ga. Department of Health. https://dph.georgia.gov/covid-19-daily-status-report.

10. Since 3/12/20, IOU's counsel conducted Zoom or telephonic hearings and depositions, in this Court and others in Colorado, Florida, Georgia, Maryland, Montana and Ohio, while strictly limiting in-person contact, per COVID-19. IOU's

counsel also has children with medical conditions requiring these precautions, who cannot risk unnecessary exposure to COVID. His physical contact with the outside world since 3/13/20 has been strictly limited to purchasing food and medicine, while wearing a face mask, shield and protective clothing per CDC guidelines, as endorsed by the Biden Administration in comparison to the prior administration.

11. IOU's counsel also has a remote hearing in another federal case, at 1:30pm on 2/17/21, scheduled before this one, which cannot be reset and he cannot obtain other coverage for it, precluding his appearance at an all-day hearing.

12. IOU's counsel considered having other counsel appear for him on 2/17/21, but that is not feasible, per his involvement with this case and the Maryland case, who is the sole counsel appearing for IOU in both cases.

13. Accordingly, IOU respectfully requests the Court reconsider, alter or amend its 2/4/21 Order to provide for the hearing by teleconference and/or ZOOM, for all parties, averting prejudice to any party by appearing by remote means while the other parties appear in person, placing all parties on equal footing.

14. IOU also respectfully requests the Court reconsider, alter and amend its 2/4/21 Order to provide the 2/4/21 hearing is set for 2 hours, starting 10:00am, which should be more than sufficient to address pending motions, as the opposed ones were at issue since 7/29/20. Or the hearing could start earlier.

# **MEMORANDUM**

The Court is requested to take judicial notice of these matters per FRE 201.

## I.  **Relief is Justified under Fed. R. Civ. P. 59 and/or Fed. R. Civ. P. 60.**

"A petitioner is not required to advance new legal theories in a rule 59 Motion….all a Rule 59 Motion need do is request relief which may be granted." **United States v. Eastern Air Lines, Inc**., 792 F.2d 1560, 1562 (11th Cir, 1986) [petitioner filed timely Rule 59 motion to change order granting plaintiff's motion for summary judgment which should have been granted per error of law on FAA regulation], cited by **Livernois v. Medical**, 837 F. 2d. 108, 1021 (11th Cir. 1988) [grant of summary judgment and denial of Rule 59 motion reversed in part as to error in fact and law in not determining damages under oral employment contract]

Under Rule 59 reconsideration may be granted "(1) where a judgment [or interlocutory order] was based on manifest errors of law or fact; (2) where reconsideration is warranted in light of newly discovered or previously unavailable evidence; (3) where the judgment [or order] would result in manifest injustice; (4) where the judgment [or order] is called into question by an intervening change in the controlling law." **White v. State Farm**, LEXIS 150222 *5-6 (N.D. Ga. 2010) [reconsideration to defendant per court's error denying defense motion for summary judgment, which did not consider entire insurance

policy in coverage case] These issues exist here.

Relief is also justified per Fed. R. Civ. P. 60 (b) (6) which states as follows:

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for (1) m ect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud (intrinsic/extrinsic), misrepresentation, misconduct by an opposing party; (4) judgment is void; (5) judgment was satisfied, released, or discharged; based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) <u>any other reason that justifies relief</u>."

<u>Nisson v. Lundy</u>, 975 F.2d. 806 (11th Cir. 1992), held: "Rule 60(b) is a 'catch-all provision,' a 'grand reservoir of equitable power to do justice in a particular case" *Id* at 806. Rule 60(b) is to be given liberal and remedial construction" *Id* at 807. **<u>Herman v. Hartford.</u>**, 508 Fed. App'x 927–28, n1 (11th Cir. 2013); *citing* **<u>Fernandez v. Bankers</u>**, 906 F.2d 569 (11th Cir.1990) [reviewed grant of motion to reconsider denial of summary judgment as if Rule 60 (b) motion which states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, *order, or proceeding* for the following reasons…(6) *any other reason that justifies relief*." There are ample grounds for the Court to reconsider, alter or amend its Order on the 2/17/21 hearing.

## II.  The Hearing Should be Conducted by Alternative Means per COVID.

*"It would be a colossal understatement to say that the <u>COVID-19 pandemic has had far-reaching effects</u>. It has changed everything from the way that friends and families interact to the way that businesses and schools operate to the way that courts hear and decide cases."* **Swain v. Junior**, 961 F.3d 1276, 1280 (11th Cir. 2020). As a result of the pandemic, *"Federal, State, and local governments have taken unprecedented or exceedingly rare actions, including border closures, restrictions on travel, stay-at-home orders, mask requirements, and eviction moratoria."* **Brown v. Azar**, LEXIS 201475 *3, * 9 (N.D. Ga. 2020) [denied injunction to permit plaintiffs from commencing evictions: per Nov. 2020 oral argument by video conference].

This Court and others have conducted proceedings by video or telephone, per the pandemic, as has the entire federal judiciary.

See: www.uscourts.gov/about-federal-courts/court-website-links/court-orders-and-updates-during-covid19-pandemic.

See the Court's website:

**http://www.gand.uscourts.gov/public-access-electronic-court-proceedings**

Public Access to Electronic Court Proceedings
<u>Due to the COVID-19 pandemic, many proceedings in the United States District Court for the Northern District of Georgia will be conducted through remote means such as video teleconferencing or telephone conferencing until further notice.</u> *See* Admin. Order 20-03 and Gen. Order 20-04. Consistent with recent guidance from the Judicial Conference of the United States and authority provided by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), members of the media and public will be permitted to hear and/or observe telephonic and video proceedings, free of charge, to the extent

8

practicable. The ability to observe proceedings remotely is intended to be temporary and is available only until further notice.
See also the website for the Supreme Court:

www.supremecourt.gov/publicinfo/press/pressreleases/pr_01-22-21

The Supreme Court will hear all oral arguments scheduled for the February session by telephone conference, following the same format used for the previous teleconference arguments. In keeping with public health guidance in response to COVID-19, the Justices and counsel will all participate remotely. The Court building remains open for official business only and closed to the public until further notice. The Court will continue to closely monitor public health guidance in determining plans for the March argument session.

The Court will provide a live audio feed of the February oral arguments to a media pool as it did for the previous teleconference arguments. The pool participants will in turn provide a simultaneous feed for the oral arguments to livestream on various media platforms for live public access. The oral argument audio and a transcript of the oral arguments will also be posted on the Court's website following oral argument each day. Additional details regarding media pool distribution will be provided in the coming weeks.

*See* Eleventh Cir. Amended Gen. Order 45, 7/6/20: stating:

[www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/GeneralOrder45Amended.](www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/GeneralOrder45Amended.)

Given the COVID-19 pandemic, the resulting declarations of emergency, and the preventive measures that have been prescribed to minimize the spread of the virus by reducing public gatherings and unnecessary travel, panels are authorized to hear any or all oral arguments by audio or video conferencing. This authorization extends to regularly scheduled oral argument panels and to panels hearing specially set oral arguments in particular types of cases.

Oral arguments that are not conducted in an open courtroom but instead are done by audio or video conferencing will be live streamed to the public at no cost. In the event the live stream fails, audio recordings of oral arguments will be made available to the public without cost on the Court's website after the argument.

This general order does not apply to oral arguments in national security or other cases that would not otherwise be heard publicly.
This order will stay in effect until rescinded.

This Court and others conducted many remote hearings on a wide variety of matters, without incident, due to COVID. ***Peason v. Kemp***, LEXIS 226348 (N.D. Ga. 2020) [Nov. 2020 Zoom hearing on injunction hearing on 2020 election]; ***Ga. Assn. v. Gwinnett***, LEXIS 211736 * 11 (N.D. Ga. 2020 [Aug. 2020 Zoom hearing on motions to dismiss on case as to 2020 election]; ***Herring v. Berkshire Hathaway***, LEXIS 196961 *2 (N.D. Ga 2020) [June 2020 Zoom hearing on motions in limine and summary judgment in personal injury case]; ***Holiday Hosp. v. J&W***, LEXIS 204229 * 40 (N.D. Ga. 2020) [Sept. 2020 Zoom hearing on motion for fees in case on contract and personal guaranty]; ***United States v. Silas***, LEXIS 187717 (N.D. Ga. 2020) [Sept. 2020 Zoom hearing on motion to dismiss indictment]; ***United States SEC v. Burns***, LEXIS 219297 *10 (N.D. Ga. 2020) [Nov. 2020 Zoom hearing on injunction in SEC case]; ***O'Neil v. Cotton Holdings***, LEXIS 145915 (N.D. Ga. 2020) [June 2020 Zoom hearing on motion for summary judgment in discrimination case]

Such hearings were also held by teleconference. ***Githieya v. Global***, LEXIS 222628 * 29(N.D. Ga. 2020) [2020 teleconference on motion for sanctions in case on breach of contract, equity and related claims]; ***Ford v. Zanders***, LEXIS 177736 (M.D. Ga. 2020) [conducted Sept. 2020 telephone conference on motion to appoint counsel in pro-se civil rights case] The Court did teleconference hearings pre-COVID without incident. ***Glock v. Global***, LEXIS 199545 *4 (N.D. Ga. 2017) [Sep. 2016 teleconference hearing on motion to vacate default in tort and contract case]; ***Hofmann v. De Marchena Kaluche & Asociados***, 657 F.3d 1184, 1186 (11th Cir. 2011) [court conducted July 2009 teleconference hearing for defendant in RICO Case] The 2/17/21 hearing should be by ZOOM or teleconference.

## II. The Hearing Time should be Set and Adjusted

The Court also set a hearing with unlimited time, which should be a two-hour duration as set forth here or adjusted to conclude by noon. The Court has authority to grant this relief. ***Landis v. N. Am***. Co., 299 U.S. 254 (1936) [it is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"] The Court may grant such relief for good cause. ***Pioneer v. Brunswick***, 507 U.S. 395 (1993). Good cause is shown for the relief. ***Sosa v. Airprint***, 133 F.3d 1417-19 (11th Cir. 1998) Defendants are not prejudiced by this slight relief,

its reason is legitimate and did not result from negligence or bad faith. ***Cannabis v. Gainesville***, 231 F.3d 767-68 (11th Cir. 2000)

## CONCLUSION

WHEREFORE, Plaintiff IOU respectfully prays for the following relief:

(a) That the Court reconsider, alter, amend and vacate its 2/4/21 Order to provide for the hearing by teleconference and/or ZOOM, for all parties, averting prejudice to any party by appearing by remote means while the other parties appear in person, placing all parties on equal footing; and

(b) That the Court reconsider, alter and amend its 2/4/21 Order to provide the 2/4/21 hearing is set for 2 hours, starting 10:00am, which should be more than sufficient to address pending motions, as the opposed ones were at issue since 7/29/20. Or the hearing could start earlier; and

(c) Grant all other just and proper relief.

## CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.,

## CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF, sending notice to counsel of record for Defendants

Respectfully submitted this 16th day of February 2021.

    By:   */s/Paul G. Wersant*
           Paul G. Wersant
           Georgia Bar No. 748341
           3245 Peachtree Parkway, Suite D-245
           Suwanee, Georgia 30024
           Telephone: (678) 894-5876
           Email: pwersant@gmail.com
           Attorney for Plaintiff IOU
           File No. 148756