## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IOU Central, Inc. d/b/a IOU
Financial, Inc.,

                Plaintiff,

v.                             Case No. 1:20-cv-2367-MLB

Shore Appliance Connection Inc.
a/k/a Shore Appliance and Bedding
Connection, et al.,

                Defendants.

_____/

## OPINION & ORDER

Plaintiff IOU Central, Inc. d/b/a IOU Financial, Inc. ("IOU") allegedly loaned money to Defendant Shore Appliance Connection Inc. a/k/a Shore Appliance and Bedding Connection ("Shore Appliance"), with a guarantee from Defendants Gary W. Larmore and Donna Lynn Larmore (the owners of Shore Appliance). Their son and employee, Duane G. Larmore, obtained the loan. When Shore Appliance failed to pay, Plaintiff filed suit alleging seven counts: (1) declaratory and equitable relief, (2) breach of instruments, (3) breach of fiduciary duty,

(4) quantum meruit/unjust enrichment, (5) equitable lien/mortgage, (6) constructive trust, and (7) attorneys' fees. (Dkt. 1 at 10–17.) Gary and Lynn call their son a fraudster, saying he deceived them and forged their signatures—thus relieving them of any obligation to repay the loan.[1] Shore Appliance, Gary, and Lynn (collectively, "Defendants") move for summary judgment on this basis. (Dkt. 47.) Plaintiff also moves for summary judgment. (Dkt. 48-11.) The Court rules as follows.

## I.   Background

### A.   The Court's Use of Proposed Facts and Responses

The Court draws the facts largely from the parties' submissions. In support of its motion for summary judgment, Defendants filed a statement of undisputed material facts (Dkt. 47-2). *See* LR 56.1(B)(1), NDGa. Plaintiff responded to Defendants' statement of material facts (Dkt. 55). *See* LR 56.1(B)(2)(a). Plaintiff also filed a statement of

---

[1] On August 24, 2021, a federal grand jury returned an indictment charging Duane with federal conspiracy, wire fraud, and identity theft charges in connection with the theft of at least $900,000 from Shore Appliance. (Dkt. 60 at 4 n.1 (citing https://www.justice.gov/usao-md/pr/two-eastern-shore-men-facing-federal-indictment-stealing-more-900000-salisbury).)

material facts in support of its motion for summary judgment (Dkt. 48). *See* LR 56.1(B)(1).

The Court uses the parties' proposed facts and responses as follows. When a party does not dispute the other's fact, the Court accepts it for purposes of summary judgment and cites the proposed fact and corresponding response. When one side admits a proposed fact in part, the Court includes the undisputed part. When one side denies the other's proposed fact in whole or in part, the Court reviews the record and determines whether a fact dispute exists. If the denial lacks merit, the Court deems the fact admitted so long as the record citation supports it. If a fact is immaterial, it is excluded.[2] If a fact is stated as an issue or legal conclusion, it is excluded. *See* LR 56.1(B)(1)(c). Where appropriate, the Court modifies one party's fact per the other's response when the latter better reflects the record. Finally, as needed, the Court draws some

---

[2] Some proposed facts the Court declines to exclude on materiality grounds are not "material" as that term is generally employed in the summary judgment context. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (identifying material facts as those that "might affect the outcome of the suit under the governing law"). Some are included for background purposes or to generate context for the Court's analysis. Which facts ultimately prove material should be apparent from the analysis.

facts directly from the record.  *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

## B.   Facts

At the time of the events giving rise to this litigation, Gary and Lynn were the sole owners of Shore Appliance.  (Dkts. 47-2 ¶ 5; 55 ¶ 6.)[3] Duane served as the company's Operations Manager from January 2019 until March 2020.  (Dkts. 47-2 ¶ 6; 55 ¶ 7.)  In December 2019, Duane applied for a loan from Plaintiff without permission or approval to do so from Gary, Lynn, or Shore Appliance.  (Dkts. 47-2 ¶ 8; 48 ¶ 5; 55 ¶ 9.) Duane later entered into loan agreements with Plaintiff but, again, did so without permission or approval from Gary, Lynn, or Shore Appliance. (Dkts. 47-2 ¶ 9; 48 ¶ 6; 55 ¶ 10.)   In doing this, Duane forged the signatures of Gary and Lynn.  (Dkts. 47-2 ¶ 10; 55 ¶ 11.)  He provided his

---

[3] Plaintiff's response to Defendants' statement of material facts violates this Court's Standing Order.  The Standing Order provides: "[A] party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following."  (Dkt. 44 ¶ r(2).) Plaintiff did not copy into its response document the numbered statement to which it was responding.  (*See* Dkt. 55.)   The Court admonishes Plaintiff for violating the Standing Order.  The rule is pretty clear and should be followed.

personal email and cell phone number in addition to Gary's and Lynn's personal information.  (Dkts. 47-2 ¶ 12; 55 ¶ 13.)  In phone conversations with Plaintiff's personnel when acquiring the loan, Duane claimed to be Gary and enlisted the help of a female confidant to falsely claim to be Lynn.  (Dkts. 47-2 ¶ 14; 55 ¶ 15.)  Gary and Lynn never spoke with anyone who worked for Plaintiff about the approval or procurement of the loan.  (Dkts. 47-2 ¶ 15; 55 ¶ 16.)  Gary and Lynn never entered into a loan agreement with Plaintiff or signed any agreement with Plaintiff.  (Dkts. 47-2 ¶ 11; 55 ¶ 12.)  Duane was the only person at Shore Appliance who knew of the loan funds, and he alone spent and distributed the funds.  (Dkts. 47-2 ¶ 16; 55 ¶ 17.)  In other words, neither Gary nor Lynn had any idea their son obtained the loan.

## II.  Legal Standard

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law."  *W. Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1360 (11th Cir. 1999) (citing *Anderson*, 477 U.S. at

248). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 1361 (citing *Anderson*, 477 U.S. at 248).

The party moving for summary judgment bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The nonmoving party then has the burden of showing that summary judgment is improper by coming forward with "specific facts" showing there is a genuine dispute for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)). Ultimately, there is no "genuine issue for trial" when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. A district court must "resolve all reasonable doubts

about the facts in favor of the non-movant[] and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (alteration adopted) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). "The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." *S. Pilot Ins. Co. v. CECS, Inc.*, 52 F. Supp. 3d 1240, 1242–43 (N.D. Ga. 2014).

## III.  Discussion

Plaintiff asserts seven counts against Defendants: (1) declaratory and equitable relief, (2) breach of instruments, (3) breach of fiduciary duty, (4) quantum meruit/unjust enrichment, (5) equitable lien/mortgage, (6) constructive trust, and (7) attorneys' fees. (Dkt. 1 at 10–17.) Defendants argue all claims against them fail as a matter of law because they never signed the documents Plaintiff seeks to enforce against them or authorized their son to do so. (Dkts. 47-1 at 8; 60 at 2.) The Court agrees each claim requires evidence Defendants assent to the

documents.[4]   The Court thus considers whether there is a genuine dispute as to this material fact.

The Georgia Court of Appeal's decision in *AdvanceMe, Inc. v. Finley*, 620 S.E.2d 655 (Ga. Ct. App. 2005), informs the Court's conclusion Defendants are entitled to summary judgment.   In that case, a lender entered into a merchant agreement with the operator of a restaurant, thereby agreeing to lend the operator money.  *Id.* at 657.  The merchant agreement identified "Constance Finley/Elka Gilmore" as the "owner/GM."  *Id.*  The name "Constance Finley" was also handwritten on the signature line of the merchant agreement and a personal guarantee. *Id.*  When the restaurant operator defaulted on the loan, the lender sued

---

[4] In Count I, Plaintiff seeks a declaration that Defendants are bound by the instruments so that Plaintiff can hold a security interest in their property, assets, and proceeds.  (Dkt. 1 ¶ 43.)  In Count II, Plaintiff alleges Defendants breached the instruments by failing to make payments and not otherwise complying with their terms.  (*Id.* ¶ 47.)  In Count III, Plaintiff alleges a fiduciary duty arose because of Plaintiff's status as a creditor of Defendants.  (*Id.* ¶ 53.)  In Count IV, Plaintiff seeks quantum meruit and unjust enrichment for the unpaid balance of the funds as outlined in the instruments.  (*Id.* ¶¶ 59–64.)  Counts V and VI presume that the property, assets, and proceeds were "intended" to be secured by the loan.  (*Id.* ¶¶ 68, 71.)  Lastly, Count VII, which seeks attorneys' fees, is derivative of Plaintiff's underlying substantive claims, so if Counts I–VI fail then so does Count VII.  (*Id.* ¶¶ 75–80); *see DaimlerChrysler Motors Co. v. Clemente*, 668 S.E.2d 737, 750 (Ga. Ct. App. 2008).

Finley to recover on the personal guarantee. *Id.* Finley denied any liability, filing for summary judgment on the grounds Elka Gilmore had forged her signature. *Id.* In support of her motion, Finley filed an affidavit stating she had never received any funds from the plaintiff, had never entered into any agreement with the plaintiff, had not signed the agreement or personal guarantee, and had not given Elka Gilmore permission to sign on her behalf. *Id.* She insisted Elka Gilmore acted without her permission or knowledge. *Id.* The trial court granted summary judgment to Finley. *Id.* The appellate court affirmed, reasoning:

> In moving for summary judgment, Finley presented evidence that she had not signed the personal guarantee and had not otherwise participated in any contract involving [the plaintiff]. In opposing Finley's summary judgment motion, [the plaintiff] failed to point to any evidence refuting Finley's evidence that the contested signature was a forgery, despite the affidavit of its director of operations stating that based on his personal knowledge and review of [the plaintiff's] records, "the personal guarantor on the contract on behalf of [the restaurant operator] is Constance Finley." This affidavit failed to create a factual issue regarding Finley's claim of forgery. There is no dispute that [the plaintiff] holds a personal guarantee with "Constance Finley" handwritten on the guarantor's signature line; what is at issue is whether Finley actually executed the personal guarantee. The director's affidavit does not claim that the director witnessed someone signing the personal guarantee; nor does it otherwise state that Finley actually executed it.

9

*Id.* at 658.

Here, Defendants filed affidavits from Gary and Lynn.  (*See* Dkt. 47-3.)  Like Constance Finley, Gary and Lynn state they never received any funds from Plaintiff, never entered into an agreement with Plaintiff, and never signed the loan agreement or personal guarantee.  *Id.*  They aver  Duane forged their signatures and did so without their permission or knowledge.  (*Id.*)  They also testified that Duane was the *only* person at Shore Appliance who knew of the loan funds, and he alone spent and distributed the funds.  (*Id.*)  All of this provides strong evidence that neither Gary nor Lynn guaranteed the loan.

Plaintiff, however, argues that Defendants' "forgery defenses are unsupported by the evidence and precluded by the Instruments."  (Dkt. 48-11 at 19.)  But Plaintiff did not explain why Defendants' forgery argument is precluded, and Plaintiff presented no evidence refuting Defendants' evidence that the signatures were forged.  Accordingly, Plaintiff has failed to present any evidence that would create a genuine issue of material fact.  The Court finds the undisputed evidence establishes the signatures were forged.  *See Finley*, 620 S.E.2d at 658

(holding that a trial court has authority to determine on motion for summary judgment whether a signature has been forged).

Plaintiff mainly argues Defendants ratified the forgery by retaining the funds and making payments on the loan (i.e., about $19,398.70) from January to March 2020.  (*See* Dkts. 55-1 at 7–10; 48-11 at 8–9, 19.) Georgia adheres to the principle that a person can ratify an unauthorized act by accepting its benefits with knowledge of the facts: "For ratification to be effective, the principal must know of the agent's unauthorized act and, *with full knowledge of all the material facts*, accept and retain the benefits of the unauthorized act."  *See Bresnahan v. Lighthouse Mission, Inc.*, 496 S.E.2d 351, 354 (Ga. Ct. App. 1998) (emphasis added).

As explained above, Defendants set forth extensive evidence about their lack of knowledge.  (*See* Dkt. 47-3.)  Gary and Lynn both testified by affidavit that Duane was the *only* person at Shore Appliance who knew of the loan funds, and he alone spent and distributed the funds. (*Id.* at 4, 8.)   In contrast, Plaintiff relies on the allegations in its complaint.  (Dkts. 55-1 at 7–15; 48-11 at 8.)   Defendants imply that reliance on the complaint is insufficient.  (Dkt. 60 at 2.)  While ordinarily

that may be the case,[5] this complaint is verified.  (Dkt. 48-10.)  Courts

treat a verified complaint as the equivalent of an affidavit for purposes

of summary judgment, as long as the verified complaint satisfies Federal

Rule of Civil Procedure 56(e).  *See Barker v. Norman*, 651 F.2d 1107, 1115

(5th Cir. 1981).[6]

Assuming—without deciding—that Plaintiff's verified complaint

satisfies Rule 56(e), the allegations in the complaint still do not create a

genuine dispute as to Defendants' knowledge.  The allegations pertaining

to Defendants' knowledge are legal conclusions couched as factual

assertions.  (*See, e.g.*, Dkt. 1 ¶¶ 17 ("Defendants breached the

Instruments almost immediately after receipt of the Funds of which they

---

[5] *See Celotex*, 477 U.S. at 324 (nonmoving party is required "to go beyond the pleadings . . . [to] designate specific facts showing that there is a genuine issue for trial"); *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997) ("[T]o oppose the [movants'] properly supported motion for summary judgment, [the non-movant] must come forward with specific factual evidence, presenting more than mere allegations."); Wright & Miller, *Federal Practice & Procedure* § 2727.2 (4th ed.) ("As is clear by Rule 56(c)'s express requirement that the nonmoving part must support its factual positions, the nonmovant cannot satisfy that burden by relying on mere allegations in the pleadings to show that there is a triable issue." (footnote omitted)).

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981.

knew, benefited, consented[,] and ratified."), 31 ("Defendants induced and/or encouraged IOU to confer the Funds on them per the Instruments of which they knew, benefited, consented[,] and ratified."), 33 ("Defendants knew of, accepted[,] and retained the Funds . . . .").) Plaintiff was required to present evidence from which a jury could rule in its favor in the light of Defendants' very specific evidence about their lack of knowledge.[7]  *See Anderson*, 477 U.S. at 247–48 ("[The] mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."). Plaintiff's allegations are devoid of specific factual information. Knowledge is required to show ratification under Georgia law, *Bresnahan*, 496 S.E.2d at 354, so an allegation that Defendants "knew of" the loan funds is a legal conclusion.  Plaintiff's allegations are not enough to create a genuine dispute on summary judgment. *See Lovable Co. v. Honeywell, Inc.*, 431 F.2d 668, 674 (5th Cir. 1970) (affidavit setting

---

[7] Defendants did more than simply state they did not know about the loan funds.  They stated they never received any funds from Plaintiff, never entered into any type of agreement with Plaintiff, and never signed the agreement and personal guarantee. (Dkt. 47-3.)  They also testified that Duane was the *only* person at Shore Appliance who knew of the loan funds, and he alone spent and distributed the funds.  (*Id.*)

forth legal conclusions cannot be treated as factual support for a party's position on summary judgment); *see also Mitchell v. Reid*, 2020 WL 4742986, at *2 (M.D. Ala. May 12, 2020) ("[G]eneral, blatantly contradicted and merely 'conclusory, uncorroborated allegations by a plaintiff in an affidavit will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion.'" (citing *Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) (per curiam))). Defendants are entitled to summary judgment.[8]

## IV.   Conclusion

The Court **GRANTS** Defendants' Motion for Summary Judgment (Dkt. 47) and **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. 48).

Duane was served on June 8, 2020, making his answer due June 29, 2020.  (Dkt. 19.)  No answer was ever filed.  The Court **ORDERS** Plaintiff, within thirty days of this Order, to file a motion for clerk's entry of default against Duane or show cause why its claims against Duane

---

[8] Perhaps there is a theory that Duane's actions and knowledge can be imputed to Shore Appliance such that summary judgment is not appropriate as to Shore Appliance.  But no one has raised this issue.  And that theory would require Duane to be both the principal and the agent, which defies logic.

should not be dismissed without prejudice for failure to prosecute under Local Rule 41.3(A)(3).  The Clerk is **DIRECTED** to submit this matter if Plaintiff fails to comply with this Order.

      **SO ORDERED** this 1st day of March, 2022.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE