IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. <br> d/b/a IOU FINANCIAL, INC., <br><br> Plaintiff, <br> vs. <br><br> SHORE APPLIANCE et al, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : CASE NO. 1:20-cv-02367-MLB <br> : <br> : <br> : |

**PLAINTIFF'S MOTION TO RECONSIDER, ALTER OR AMEND ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANTS AND DENYING SUMMARY JUDGMENT FOR PLAINTIFF [DOC 62]**

Per Fed. R. Civ. P. 59-60, Plaintiff IOU moves to reconsider, alter or amend the Order granting summary judgment for the Responding Defendant and denying summary judgment to Plaintiff as to all Defendants [Doc 62] Plaintiff incorporating its Complaint, Motion and Responses [Doc 1, 48, 55]

**STATEMENT OF FACTS**

1.   This case concerns Plaintiff's enforcement of a 2019 commercial loan for $166,500.00, governed by Georgia law as to Shore Appliance, its owners, Gary and Donna Lamore [Responding Defendants] located in Maryland, including enforcement of a security agreement as to their property, breach of a promissory note by Shore and two personal guarantees allegedly executed by the Lamores who

ratified the Loan by accepting and benefitting from the loan funds [Doc 48, p. 1-9] as did Gary Lamore, who applied for the Loan on their behalf as a manager with apparent authority on behalf of Shore [Doc 48, p. 1-9]. [Doc 1, p. 1-3]

2. Defendants breached the Loan shortly after closing the Loan and making payments it for about 60 days [Doc 48, p. 7-9].

3. Plaintiff filed suit, bringing claims to declare the joint liability of the Defendants on the Loan, judgment on the Instruments, for breach of fiduciary duty, damages for unjust enrichment and quantum meruit, equitable lien, constructive trust, attorney's fees and costs [Doc 48, p. 10] [Doc 1, Counts I-VII]

4. Defendants were served and the Responding Defendants filed an answer and a counterclaim, who raised twelve defenses to the Complaint, none of which allege or mention a defense based upon "forgery" [Doc 9-11, p. 1-4]. The Responding Defendants then admitted the existence of the Loan and their receipt of the Loan Funds [Doc 9-11, p. 25-26] briefly contended Duane "forged" their names onto the Loan documents, but the Responding Defendants never alleged or established that Plaintiff had knowledge of this alleged "forgery" when the Loan was originated [Doc 9-11, p. 26-27].

5. Notably, the Responding Defendants admitted they notified Plaintiff of Duane's alleged "forgery" in March 2020, over two months *after* origination of

the Loan but never offered to return the Funds to Plaintiff [Doc 9-11, p. 27]

6. The Responding Defendants alleged that Plaintiff "fraudulently" originated the Loan and obtained their payment of the Loan, even though Plaintiff knew nothing of these alleged issues when originating the Loan [Doc 9-11, p. 29]

7. The Responding Defendants admit that Shore paid Plaintiff over $19,000.00 on the Loan which "was approved and ratified" [Doc 9-11, p. 29] but offer no explanation their lack of knowledge of the incoming Loan Funds in January 2020 or the Loan payments from January 2020 to March 2020 which established their ratification of the Loan [Doc 48].

8. The Responding Defendants sought judgment against Plaintiff "equal to their losses" for Plaintiff's "negligent and fraudulent" lending practices and that Plaintiff's "negligence and fraud" is a complete bar to recovery [Doc 9-11, p. 32] They did not offer to return the Funds or any portion of the Funds to Plaintiff.

9. The Responding Defendants moved for Summary Judgment whose "Statement of Undisputed Facts" did not comply with L.R. 56.1 or Fed. R. Civ. P. 56 which did not address any allegations or claims in the Complaint, or their Answer, Defenses or their Counterclaim [Doc 47-2, p. 1-5].

10. The Responding Defendants filed a "brief" in support of their Motion for Summary Judgment, which "incorporates" their statement of facts, again

contrary to L.R. 56.1, which again does not reference any allegations of any of the pleadings at issue [Doc 47-1, p. 1-7]

11.   The Responding Defendants include their affidavits which belatedly raise their defense of 'forgery' [Doc 47-3] a defense which they never properly pled in this case for which they disclosed no basis in their responses to Plaintiff's discovery as detailed below.

12.   The defense "brief" only cites the Georgia Civil Practice Act, not the correct federal standards for summary judgment [Doc 47-1, p. 7-8].

13.   The defense brief then argues that the Loan is unenforceable as to the Responding Defendants based solely on their alleged, undisclosed "forgery" defense" [Doc 47-1, p. 9-11]. Their "brief" offers no citation of authority and no argument on Plaintiff's equitable claims which required no signature [Doc 47-1, p. 12-13] for which they waived argument per L.R. 7.1.

14.   On 7/20/21, Plaintiff moved for summary judgment, per its Motion supported by a statement of facts [Doc 48, p. 1-2] and eight exhibits [Doc 48-1 through 48-10]. Plaintiff's Motion included and cited evidence that Plaintiff's Loan satisfied prior debts of the Responding Defendants [Doc 48-5, 48-6].

15.   Plaintiff's Motion included the discovery responses of the Responding Defendants evidencing their lack of disclosure of any basis for any of their

defenses, contrary to Fed. R. Civ. P. 26 [Doc 48-9]. The Motion was verified [Doc 48-10] and including a memorandum [Doc 48-11] which detailed all of Plaintiff's claims including its arguments for ratification of the Loan and its equitable relief.

15. On 12/8/21, the Responding Defendants filed a four-page "Response" [Doc 61] to the Motion for which Plaintiff had received leave to file on 8/19/21 [Doc 57]. This untimely "Response' did not comply with L.R. 56.1, which did not (a) respond to Plaintiff's Statement of Facts in its Motion (b) did not address the evidence cited in Plaintiff's Motion (c) did not address the facts alleged in the Complaint and (d) did not address Plaintiff's memorandum of law. Plaintiff's motion should have been granted as unopposed. Plaintiff responded to the defense motion and incorporated its Motion [Doc 55].

16. Ultimately, the Court denied Plaintiff's Motion and granted the Motion of the Responding Defendants which found that Plaintiff did not properly respond to the Defense Motion per its Order [Doc 62, p. 4]. The Order did not address the deficiencies with the Defense Motion or their deficient Response to Plaintiff's Motion, detailed above. The Court found each claim requires evidence that the Responding Defendants assented to the documents [Doc 62, p. 7-8] but did not address Plaintiff's equitable claims, including subrogation and unjust enrichment, requiring conferral of a benefit and ratification [Doc 48-11, p. 13, 15]

5

The Order did not address the lack of a legal basis for the defenses [Doc 48, p. 18-25] or their lack of disclosure per Fed. R. Civ. P. 26 [Doc 48, p. 7-8]. The Court granted judgment to the Responding Defendants per their alleged lack of knowledge of the Loan and their lack of ratification of the forged Loan [Doc 62, p. 10-14] The Order does not address the retention of the Funds by the Responding Defendants or the other above issues.

17. The Order should reconsidered, altered and amended as shown here.

## **MEMORANDUM**

The Court is requested to take judicial notice of these matters per FRE 201.

**I.      The Relief is Justified under Fed. R. Civ. P. 59 and/or Fed. R. Civ. P. 60.**

"A petitioner is not required to advance new legal theories in a rule 59 motion….all a rule 59 Motion need do is request relief which may be granted." **_United States v. Eastern Air Lines, Inc_**., 792 F.2d 1560, 1562 (11th Cir, 1986) [petitioner filed timely Rule 59 motion to change order granting plaintiff's motion for summary judgment which should have been granted per error of law on FAA regulation], cited by **_Livernois v. Medical Disposables_**, 837 F. 2d. 108, 1021 (11th Cir. 1988) [summary judgment and denial of Rule 59 motion reversed in part per errors in fact and law in not determining damages on oral employment contract]

Under Fed. R. Civ. P. 59 reconsideration may be granted "(1) where the

judgment [or interlocutory order] was based upon manifest errors of law or fact (2) reconsideration is warranted in light of newly discovered or previously unavailable evidence (3) the judgment [or order] would result in manifest injustice (4) where the judgment/order is called into question by an intervening change in the controlling law." **White v. State Farm**, LEXIS 150222 *5-6 (N.D. Ga. 2010) [granted reconsideration to defendant per court's error denying defense motion for summary judgment, which did not consider entire insurance policy in coverage case] These issues exist here, such as factors (1), (3) and (4).

Relief is also justified per Fed. R. Civ. P. 60 (b) (6) which states as follows:

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for (1) mistake, inadvertence, surprise, excusable neglect (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for new trial under Rule 59(b) (3) fraud (intrinsic/extrinsic), misrepresentation, misconduct by an opposing party; (4) judgment is void; (5) judgment was satisfied, released, or discharged; based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) any other reason that justifies relief."

Factors (3), (4) and (6) are appropriate here. In **Nisson v. Lundy**, 975 F.2d. 806 (11th Cir. 1992), the Court stated "Rule 60(b) is a 'catch-all provision,' and a 'grand reservoir of equitable power to do justice in a particular case" *Id* at 806. Rule 60(b) is to be given liberal and remedial construction" *Id* at 807. **Herman v. Hartford.**, 508 Fed. App'x 927–28, n1 (11th Cir. 2013); *citing* **Fernandez v.**

7

*<u>Bankers</u>*, 906 F.2d 569 (11th Cir.1990) (reviewing grant of a motion to reconsider denial of summary judgment as if a motion under Rule 60(b), which states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, *order, or proceeding* for the following reasons: . . . (6) *any other reason that justifies relief*." There are ample grounds for the Court to reconsider, alter or amend its Order, which cannot dismiss this case with prejudice.

**II.     <u>Plaintiff's Motion should have been granted unopposed and the Motion of the Responding Defendants should have been denied.</u>**

The Responding Defendants failed to respond to Plaintiff's Motion for Summary Judgment which should have been granted unopposed per Plaintiff's uncontested Statement of Facts, admitted per L.R. 56.1 (B) (2) (a) (1) and the arguments in Plaintiff's Motion to which the Responding Defendants failed to respond and conceded. ***<u>Premier Concrete LLC v. Argos N. Am. Corp. Corp</u>***., LEXIS 62893, *32, 1209354 (N.D. Ga. 2021) ["Premier does not respond to this argument in its briefing. Accordingly, the Court treats this portion of the Joint Motion as unopposed. LR 7.1(B)"] "Under the Local Rules, a litigant's "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B). Rule 7.1(B) "requires not just that a party generally 'respond' to a motion but mandates that a party respond to each portion of a motion." ***<u>Butler v. Ga</u>***, LEXIS 18392 *21 (N.D. Ga. 2022) [treated motions to dismiss as unopposed as

8

Plaintiff failed to respond to their substantive arguments] "[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." **_Kramer v. Gwinnett Cnty., Ga.,_** 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) (Evans, J.); *see also* ND. Ga. LR. 7.1(B). Also, "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." **_Hudson v. Norfolk & Southern Ry_**., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) "To the extent that Plaintiff fails to respond to Defendant's arguments, the Court deems Plaintiff's arguments to be abandoned." **_Clark v. Ocwen Loan Servicing_**, LEXIS 191676, *10-11 (N.D. Ga. 2015) [court treated portions of motion as unopposed to which plaintiff failed to respond]

Furthermore, the Defense Motion for Summary Judgment should have been denied which itself does not comply with L.R. 56.1, which lacks a Statement of Facts that addressed the pleadings and cites the evidence at issue per L.R. 56.1 (B) and does not even address all of Plaintiff's claims including its ratification claims and equitable claims as shown here, which remain unresolved.

See Doc 48-11, p. 8-12 which argues:

Plaintiff alleged Defendants ratified the Instruments as they retained the Funds. "A party can assume an obligation expressly in writing, or it may do so by implication where [its] conduct manifests an intent to become bound." **_United States Liab. Ins. v. PC Pen. Gen. Agency, Inc.,_** LEXIS 26178 *11-12 (N.D. GA. 2009) [denied motion to dismiss on issue of whether defendant assumed a contract with

9

plaintiff, *citing* **Cent. of G. R. Co. v. Woolfolk Chem. Works**, 178 S.E.2d 710, 712-713 (Ga. App. 1970) holding "Where a contract or undertaking is personal, it binds only the original parties and those who may assume the obligation or ratify or adopt the contract, even though [it] contains a provision it is binding upon the successors and assigns of one of the contracting parties"

Plaintiff also seeks to reform the Security Agreement to include the Lamore Defendants, their property and assets. "Reformation is intended to put the parties, as to each other, in the true position in which they thought they had placed themselves and it is not confined to the original parties, but *will be extended, both for and against their privies*, in estate and in law." **Bank of America v. Garcia**, * 9-10 LEXIS 224223 *9 (N.D. Ga. 2019) [reformed deed cancellation to reflect signature of omitted party under Georgia law]

Count I also alleged Plaintiff satisfied the Prior Debts and is equitably subrogated into them. O.C.G.A. § 10-7-56 states: "A surety who has paid the debt of his principal shall be subrogated, both at law and in equity, to all the rights of the creditor and, in a controversy with other creditors, shall rank in dignity the same as the creditor whose claim he paid

See Doc 48-11, p. 15 which argues:

Count IV state claims for quantum meruit/unjust enrichment as Plaintiff expected being compensated for the Funds by anyone becoming liable for them including Defendants, who retained them, even if they did not sign the Instruments. **Ga. Tile Distribs., Inc. v. Zumpano Enters., Inc**., 422 S.E.2d 906, 908 (Ga. Ct. App. 1992). ["[U]nder Georgia law, an unjust enrichment claim requires [that] the plaintiff conferred a benefit on the defendant; equity requires the defendant to compensate the plaintiff for this benefit" *citing* O.C.G.A. § 9-2-7 ["Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof."). [affirmed judgment for unjust enrichment under Georgia law] **Sentinel Offender v. Glover**, 766 S.E.2d 456 (2014), **Ascentium v. Adams Tank**, LEXIS 149596

10

(M.D. Ga. 2017) [claim for money had and received is based upon unjust enrichment, maintainable when one received money that he ought not to retain] **Wilson v. Wernowsky**, 846 S.E. 2d. (Ga. App. 2020) [affirmed claims for unjust enrichment and money had against successor]

Nor did the Defendants even properly attempt to rescind the "forged" Loan which they enforced by bringing their counterclaim here [Doc 37] See Doc 48-11, p. 25 which argues:

> "A claim for damages unaccompanied by a claim for rescission operates as an election to affirm the underlying contract." **Weinstock v. Novare**, 710 S.E. 2d. 150 154 (Ga. App 2011) [buyers could not sue for fraudulent inducement of condo agreement who failed to rescind agreement before suit and failed to bring a rescission claim in suit] A contract may be rescinded at the instance of the party defrauded; but, to rescind, the defrauded party must promptly, upon discovery of the fraud, restore or offer to restore to the other party whatever he received by virtue of the contract if it is of any value." Thus, [i]n order to rescind a contract and sue for restitution, a plaintiff must first restore or make a bona fide effort to restore to the other party whatever benefits he has received from the transaction." **Graham v. Cook**. This is a condition precedent to bringing an action for rescission..If the complaint for rescission shows that the requisite tender was not made, dismissal of the action is appropriate." **Daily v. Mueller**, 630 S.E. 2d 799, 801 (Ga. App. 2006)

Defendants raised no claim to rescind the Instruments. The Defense Motion did not address Plaintiff's above equitable claims requiring denial of the Defense Motion on at least these claims. *See* Fed. R. Civ. P. 7 (b) (1) (B) ["motion must state its grounds for relief with particularity"] *cited by* **Long v. Satz**, 181 F.3d 1275, 1279 (11th Cir. 1999) [motion to amend failed to comply with rule] Their unsupported argument requires relief here. **Coalition v. Atlanta**, 219 F.3d 1301,

11

1326 (11th Cir. 2000) [failure to brief and argue issue means it is abandoned]; *Lyes v. City of Riviera Beach*, 126 F.3d 1380, 1388 (11th Cir. 1997) ["the onus is upon the parties to formulate arguments"] This omission by Defendants requires the instant relief: reconsideration or altering or amending the Order on at least dismissal of Plaintiff's equitable claims.

### III.  Defendants are not entitled to judgment on their undisclosed defenses.

Furthermore, even a forged document may be ratified as Plaintiff alleged here [Doc 1, 48] an issue unaddressed by the Responding Defendants who retained the Funds as they concede per Plaintiff's Motion [Doc 48]. See *CNH Capital Am., LLC v. Southeastern Aggregate, Inc*., LEXIS 91882 * 24 (N.D. Ga. 2009) [party ratified forged contracts by accepting their benefits and making payments on them] holding that "Generally, in Georgia, "[a] mere declaration that one did not sign a negotiable instrument does not create an issue of fact regarding its validity when one ratifies the signature, and thus the document, through his or her own actions" *citing* *Oakwood Acceptance Corp. v. Ahmad*, 271 Ga. App. 356, 357, 609 S.E.2d 700 (Ga. 2005) [parties ratified purchase of mobile home under forged contract by continuing to reside in the home and making payments under the contract meaning "even if we assume that the signatures and initials on the contract here are forged or otherwise unauthorized, the undisputed evidence reveals that the [defendants]

ratified their signatures and the terms of the agreement. Thus their forgery defense fails as a matter of law." *Id*. (citations omitted).

Additionally, the Order and the Responding Defendants did not address their failure to disclose the basis for their defenses in their responses to Plaintiff's discovery, contrary to Fed. R. Civ. P. 26 which "prescribes the time and method of disclosure required in the district court." **Rigby v. Phillip Morris USA Inc**., 717 Fed. Appx. 834, 835 (11th Cir. 2017). Under Fed. R. Civ. P. 26(a)(1)(A)(i) (ii) and (iii) parties must "disclose the name and identifying information of persons "likely to have discoverable information—along with the subjects of that information— that the disclosing party may use to support its claims and defenses; all documents in their possession, custody or control to support its claims or defenses unless used solely for impeachment and a computation of each category of damages and those supporting documents. *Id.* Fed. R. Civ. P. 26(a)(1)(B) governs exceptions to such disclosures; none of which apply in this case. Fed. R. Civ. P. 26(e)(1)(A), directs the parties to supplement such disclosures or responses "if the parties learn that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26 (b) (1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Disclosures and responses to discovery

must be <u>supplemented</u> to ensure they are <u>complete, correct or include information not previously made known to other parties during the discovery process</u>."

A "disregard for the federal rules of discovery in this area creates a "trial by ambush" which those rules are designed to prevent. The rules are designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, thereby preventing surprise." ***Shelak v. White Motor Co.*,** 581 F.2d 1155, 1159 (5th Cir. 1978) [granted new trial due to evidence not disclosed in discovery] Here, Plaintiff was subjected to a defense 'motion by ambush' per these undisclosed defenses, an impermissible tactic, which must be addressed as shown here, requiring reversal of the Order [Doc 62].

## CONCLUSION

There was no basis for dismissal of this case with prejudice, as the Court based its Order [Doc 62] on an undisclosed, unpled forgery defense, which also does not address the issues of ratification and Plaintiff's equitable claims, while the Responding Defendants failed to respond to Plaintiff's Motion for Summary Judgment which should have been granted at least on Plaintiff's equitable claims meaning the Order should be reconsidered, altered and amended.

WHEREFORE, Plaintiff IOU respectfully prays for the following relief:

(a) That the Court reconsider, alter, amend and vacate the Order on its dismissal of this case with prejudice [Doc 62] and grant judgment for Plaintiff, at least its above equitable claims as to all Defendants;

(b) Grant all other just and proper relief.

## CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.,

## CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF on the below date sending notice to counsel of record.

Respectfully submitted this 29th day of March 2022.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Georgia Bar No. 748341
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@gmail.com
> Attorney for Plaintiff